CYRUS HATHAWAY *against* JOHN SMITH.

APPEAL *from* Chicot Circuit Court.

Where an appeal is prayed and allowed, more than thirty days previous to any term of this court, the appellant is bound by law to cause to be filed, in the office of this court, at least ten days before the first day of such term, a transcript of the record and proceedings in the case.

If he does not, upon the appellee producing the certificate of the clerk of the court below, to the effect that an appeal had been entered, and recognizance given, as required by law, this court is bound to affirm the judgment, unless good cause to the contrary is shown.

When such a motion is made, the court must decide, upon the cause shown by the appellant, whether due diligence has been used. He must, therefore, satisfy the court, either by his own affidavit, or by some other competent means, that he has used reasonable diligence, as well as appropriate means, to have the record filed within the proper time, or as soon as he could procure and cause it to be done.

Showing that immediately after the expiration of the term of the court below, at which the cause was tried, the clerk sent the transcript by mail to the clerk of the Supreme Court, does not show reasonable diligence.

It was his duty to cause the transcript to be filed. The means of conveyance was left to his option, and he made his election at his peril.

If the transcript failed to reach its destination within the proper time, it was his duty immediately to have procured another transcript.

On the twenty-third day of November, 1839, the appellee obtained judgment in an action of ejectment, in the circuit court of Chicot county, from which the appellant, on the same day, prayed an appeal to this court, which was granted, and a recognizance, with security, entered into for the prosecution of the appeal. No transcript of the record having been filed previous to or at the last January term of this court, to which the appeal was, by law, returnable, the appellee, at the succeeding July term, produced in court the certificate of the clerk of the circuit court, that an appeal had been entered, and a recognizance given, as required by law, on the 23d day of November, 1839, and moved the court to affirm the judgment, upon which the court entered a rule against the appellant, to show cause, on the third Monday of October, then next, why the judgment should not be affirmed, for his failure to file a transcript, within the time prescribed by law; which was duly served on the appellant, on the fourteenth day of September, 1840. No cause was shown under the

rule until six days after it was returnable, when the appellant produced and filed a certified transcript of the record, with a separate certificate of the clerk of the circuit court of Chicot, stating that he made out the transcript of the record and proceedings in the case immediately after the November term, 1839, which transcript, he understands, never came to hand. On this the appellant moved the court that this cause be docketed, as of the July term, and be proceeded in, &c. And the appellee, two days after, renewed his motion to affirm the judgment.

PIKE, for the motion to affirm:

TRAPNALL and COCKE, *Contra:*

RINGO, C. J., delivered the opinion of the court:

The appeal appears to have been taken more than thirty days before the first day of the last January term of this court, and was, by law, returnable at that time.

And the appellant was bound, by law, to have caused to be filed in the office of the clerk of this court, at least ten days before the first day of that term, a transcript of the record and proceedings in the cause, and, upon his failure to do so, this court, upon the production, by the appellee, of the certificate of the clerk of the circuit court, that an appeal had been entered and a recognizance given, as required by law, is bound to affirm the judgment of the circuit court, unless good cause to the contrary can be shown. *Rev. Stat.*, ch. 117, sec. 23, 24, p. 644.

The court, therefore, in cases presented as this is, can only decide upon the cause shown by the appellant, whether he has used such diligence as the law requires of him in the due prosecution of his appeal. If he has used such diligence, the case may be adjudicated upon his appeal, notwithstanding the transcript of the record was not filed within the time prescribed by law; if otherwise, the law is imperative that the judgment shall be affirmed. But the question as to what facts and circumstances constitute, in law, a sufficient shewing of cause to exonerate or absolve the appellant from the conse-

32

quences of his failure to cause a transcript of the record to be filed within the time prescribed by law, remains to be decided.

The Legislature, by enacting the statutory provisions before cited, evidently intended to require of the appellant, in all cases, reasonable diligence in the prosecution of his appeal; so as to prevent, in every event, any unnecessary or vexatious delay of justice in consequence of such appeal, and to afford the appellee, at the same time, a remedy ample in itself, for the preservation and enforcement of his rights, if the appellant should be guilty of culpable negligence, or any unwarrantable delay in the removal of his case to the Supreme Court for adjudication on the appeal; in which event, the appellee is at liberty to take advantage of the default of his adversary; and by simply producing to the court such certificate of the clerk as is mentioned in the statute, before cited, may have the judgment, from which the appeal has been taken, affirmed; and thereby end the litigation. And of such final determination the appellant cannot have any just reason to complain, because it is but the legal consequence of his own default, produced either by culpable negligence, or an unwarrantable design to delay the final adjudication of the Supreme Court upon the appeal. The appellant, therefore, in order to obviate the legal consequences of his failure to comply strictly with the requisitions of the statute prescribing the time within which a transcript of the record shall be filed, must, by his own affidavit, or some other competent means, satisfy the court that he has used reasonable diligence, as well as appropriate means, in the prosecution of his appeal, to have the transcript of the record filed within the time prescribed by law, or as soon after as he could procure or cause the same to be done. Has the appellant, in this case, established such diligence? In our opinion he has not. He has only shown the certificate of the clerk of the circuit court, stating, in substance, that immediately after the expiration of the term at which the judgment appealed from was given, he made out, and on or about the fifth day of December, 1839, transmitted, by mail, a transcript of the record in this case, directed to the clerk of the Supreme Court of Arkansas, at Little Rock, which, he understands, never came to hand.

This may be true, and yet, the appellant, for aught that appears

Hathway *against* Smith.

to the contrary, may be guilty of gross negligence in regard to the prosecution of his appeal. It was his duty to cause the transcript to be filed. The means of conveyance is left to his own option, and he must make his own election at his peril. If the transcript failed to reach its destination within the time prescribed for him to cause it to be filed, he was bound to know or ascertain that fact; and, if he intended to prosecute his appeal, to obtain another transcript and cause it to be filed within a reasonable time, so as to prevent any unwarrantable delay, and to have his case regularly before the Supreme Court for adjudication, as speedily practicable. This, the appellant failed to do, and, therefore, he cannot be regarded as having used such diligence as was required of him, by law, in the prosecution of his appeal. It may also be remarked that it does not appear that the clerk, in making out and transmitting, by mail, the transcript of the record, acted by the direction or under the authority of the appellant, who does not, in fact, appear to have used any exertion whatever to bring his case before this court for adjudication, until he was served with the rule to show cause why the judgment against him should not be affirmed, notwithstanding two terms of this court had then intervened, and nearly ten months had elapsed after the appeal was taken. Nor did he show any cause whatever against the rule, on its return, as he was bound by law to do, but wholly failed to appear in obedience thereto; and subsequently, without assigning any reason for his failure to appear to, or answer the rule, six days after the same must have been made absolute, and the judgment affirmed, if it had been moved, as it ought regularly to have been, on the return of the rule, filed his motion to have the case docketed, as of the July term, and that the same might be proceeded in and adjudicated upon his appeal, without taking any notice whatever of the rule against him. We are, therefore, of opinion that he has not shown such diligence in the prosecution of the appeal, as is required by law. His motion must be denied, the rule against him made absolute, and the judgment affirmed with costs.