COMMERCIAL STANDARD INSURANCE COMPANY *v.* HILL.

4-6621                                                  158 S. W. 2d 676

Opinion delivered February 9, 1942.

Fred A. Donham, for appellant.

G. W. Lookadoo, for appellee.

Shields M. Goodwin, amicus curiae.

HUMPHREYS, J. This is an appeal from the circuit court of Clark county denying a petition for a writ of certiorari to compel the Workmen's Compensation Commission and its secretary to certify to the circuit court of said county all documents and papers and a transcript of the testimony on file on the case of William Thomas Hill v. Thomas Brothers Lumber Company, and its insurance carrier, the Commercial Standard Insurance Company, wherein said Arkansas Workmen's Compensation Commission did, on the 8th day of July, 1941, award compensation to William Thomas Hill for injuries received by him while in the employment of Thomas Brothers Lumber Company.

On the 29th day of July, 1941, Thomas Brothers Lumber Company and its insurance carrier, Commercial Standard Insurance Company, gave notice of appeal from the award to the circuit court of said county duly verifying and attaching thereto the bond for appeal in compliance with sub-section (b) of § 25 of Act 319 of the Acts of the General Assembly of 1939, entitled: "An act to provide for the payment of compensation for injuries to, or death of, their employees; to prescribe the amount of compensation and to whom it shall be paid; to secure the payment of compensation; to establish a Workmen's Compensation Commission to administer this act and providing funds for the administration of this act."

Upon presentation of the notice of appeal, with bond attached, the Workmen's Compensation Board re-

fused to grant an appeal to the circuit court of Clark county on the ground that they had failed to file the notice of appeal within 14 days after the effective date of the award in compliance with Rule 11, adopted and promulgated by said Commission on July 11, 1941, which, in part, is as follows: ''In all cases where either party desires to appeal from an award of this Commission he shall, within 14 days of date of award, file a notice of appeal with the secretary of this Commission. The notice shall ·set out the style of the case,· the grounds upon which the appeal is taken, and contain an affidavit that the appeal is not taken for purpose of delay. To perfect the appeal, it is necessary within 30 days from the date of the award appealed from, that a transcript of the evidence in the case shall be furnished the secretary of the Commission by the applicant for appeal together ·with a bond, in an amount and form to be set by the Commission, conditioned that the applicant will prosecute his appeal with due diligence and that he will pay such awards which may be adjudged against him either by the appellate court or this commission, and that all the costs in connection with the appeal will be paid by applicant.''

The validity of this rule is attacked upon the ground that it is in conflict with § 25 of Act 319 of the Acts of the General Assembly of 1939, which, in part, is as follows: ''The final award of the Commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the circuit in which the accident occurred, or if the accident occurred outside of this state, then in the county where the contract of employment was made. Such appeal may be taken by filing notice of appeal with the Commission, whereupon the Commission shall under its certificate return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause.''

No contention is made that rule 11 is void because it is unreasonable, but it is argued that it abridges the

statutory right of either party to file a notice of appeal within thirty days from the effective date of the award. It is admitted by appellants that they had lost their right of appeal under the rule by failing to file a notice of appeal within 14 days with the Commission unless the rule is in conflict with sub-section (b) of § 25 of Act 319 of the Acts of the General Assembly of 1939.

By reference to sub-section (b) of § 25 of said Act 319 it will be seen that "the final award of the Commission shall become conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the circuit in which the accident occurred . . ." Immediately following the quotation above from the section, this provision therein appears, "such appeal may be taken by filing notice of appeal with the Commission, whereupon the Commission shall under its certificate return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause."

Reading the two clauses or provisions together it is manifest that the appeal provided for within thirty days in the first clause should be taken by filing notice of the appeal with the Commission within the thirty day period and that after filing the notice and bond within the thirty day period the Commission should, within a reasonable time, under its certificate, return to the court all documents and papers on file in the matter, together with the transcript of the evidence, the findings and award, in order that same should become the record of the cause. In other words, that either party was given by statute thirty days within which to file a notice of appeal with the Commission. If any other construction were given these provisions it might be impossible to prepare a transcript of the evidence introduced in the particular case involved, and other cases which the Commission has decided, within the thirty day period.

Rule 11 of the Commission allowed fourteen days from the effective date of the award in which to file a

notice of appeal leaving sixteen days out of the thirty to assemble documents and papers and prepare a transcript of all the evidence. The limitation, therefore, under rule 11, that fourteen days was allowed within which to file the notice of appeal is in direct conflict with the provision of the statute quoted above allowing thirty days within which to file the appeal after the effective date of the award. In the case of *Nu-way Laundry* v. *Wilson, et al.*, 165 Okla. 149, 25 Pac. 2d 657, the Supreme Court of Oklahoma held that rule 30, adopted by the Industrial Commission of the state of Oklahoma, limiting the time for filing a petition for rehearing to fifteen days from the date of the award or decision, was in conflict with the statute which allowed thirty days for filing a petition for rehearing from the date of the award or decision and for that reason the rule was ineffective and void.

We do not think rule 11 related to procedural matters only, but that it was in conflict with the substantive statutory right of appellants to file an affidavit for appeal and bond within thirty days after the effective date of the award. By doing this appellants strictly complied with the Arkansas Workmen's Compensation Law according to the provision of sub-section (b) of § 25 of Act 319 of the Acts of the General Assembly of 1939. Under the act quoted above, it became the duty of said Commission to assemble the documents and papers and a transcript of the evidence in the case within a reasonable time and file the same with the circuit court of Clark county, and the circuit court erred in denying the writ of certiorari to bring up the record upon which the Commission based its award. The judgment dismissing the application for a writ of certiorari is reversed, and the cause is remanded with direction to the circuit court to issue a rule upon the Workmen's Compensation Commission requiring it to assemble the documents and papers and a transcript of the evidence upon which it based the award and file same in the circuit court.