SOUTHWEST CASUALTY INSURANCE COMPANY v. WESSON.

5-921                                        287 S. W. 2d 575

Opinion delivered March 5, 1956.

*Rex W. Perkins, A. James Linder* and *E. J. Ball,* for appellant.

*Ovid T. Switzer* and *W. P. Switzer,* for appellee.

ED. F. McFADDIN, Associate Justice. This case comes to us on a motion for rule on the clerk[1] to require him to file the transcript, which he refused because tendered too late. The record here reflects this sequence of events:

(a) On March 25, 1955, appellees, Wesson and wife, obtained judgment against appellant, Southwest Casualty Insurance Company, in the Ashley Circuit Court.

(b) The appellant casualty company gave notice of appeal on April 2, 1955.

(c) No extension of time was requested for filing the record on appeal until July 9, 1955, when an order was made giving appellant the full period, of seven months from the date of the judgment, to file the record on appeal.

(d) The record was tendered in this Court on October 24, 1955, and its filing was refused as tendered too late.

(e) Then the motion for rule on the clerk was filed.

From the foregoing it will be observed that the notice of appeal was filed on April 2nd and that the 90 days, allowed by Sec. 20 of Act 555 of 1953, had expired before July 9th, when the order of extension was granted. In other words, no request for extension of time to file the record on appeal was made or granted within the 90 days from the filing of the notice of appeal, as provided in

---

[1] For such procedure, see Rule No. 5 of this Court, in the Rules issued in January, 1954.

Sec. 20 of Act 555 of 1953. Under our holding in the case of *West* v. *Smith,* 224 Ark. 651, 278 S. W. 2d 126, the Circuit Court of Ashley County was without authority to make the extension order on July 9th; because the time for such extension order lapsed 90 days from April 2, 1955. *West* v. *Smith* is directly in point. We are asked to overrule that case; but this we refuse to do. The case was carefully considered, and we adhere to it.

Next the appellant claims that the delay in obtaining the extension order was due to no fault of appellant's attorneys because: (1) they relied on the promise of the court reporter that he would obtain the extension within the proper time; and (2) the court reporter thought the time did not expire until after July 9th. We cannot sustain the appellant in this claim. The order for the extension must be obtained from the Court, and not from the court reporter. Appellant's counsel had no right to rely on the court reporter to get the order of extension. No amount of local custom can vary the Statute, which requires that the extension order be granted by the Court.

Finally, appellant says that, even under *West* v. *Smith* (*supra*), the rule should issue against the clerk because of an unavoidable casualty. Appellant points out that in *West* v. *Smith* we said that we had the inherent constitutional power, in an exceptional case, to allow a record to be filed after the time fixed; and appellant says that this is such an exceptional case. We cannot sustain appellant in this claim because appellant has entirely failed to show any unavoidable casualty that prevented the obtaining of a proper order of extension. The fact that one of the attorneys for appellant was out of the State for a time, and that the same attorney later was ill —such fact—did not prevent the other attorney for the appellant from attending to the matter of the extension. Both attorneys participated in the trial of the cause and both are interested in the case on appeal. Our cases, in regard to continuances because of absence of counsel, hold that, where there are two attorneys representing a party, the absence or illness of one does not prevent the other

from acting for the client. See *El Dorado & B. R. Co.* v. *Knox,* 90 Ark. 1, 117 S. W. 779; *Reliance Life Ins. Co.* v. *Hardy,* 144 Ark. 190, 222 S. W. 12; *Mo. & North Ark. Rd. Co.* v. *Robinson,* 188 Ark. 334, 65 S. W. 2d 546.

Therefore, the rule on the clerk is denied.

Chief Justice SEAMSTER and Justices GEORGE ROSE SMITH and ROBINSON dissent.