SHEPHERD, ET UX. *v.* ADAMS.

5-1071                                                      295 S. W. 2d 356

Opinion delivered November 19, 1956.

*McMillan & McMillan,* for appellant.

*G. W. Lookadoo,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal by appellants from a decree of the Clark Chancery Court. The appellee has filed a motion to dismiss the appeal due to the fact that the record, on appeal, was not filed in the time required by law. The case has been fully briefed on both its merits and on the motion to dismiss.

The decree was rendered on January 18, 1956, and was filed with the Chancery Clerk on January 23, 1956. The notice of appeal was filed by appellants on February 6, 1956.

On March 22, 1956, appellants filed a petition with the trial court asking for an extension of time (until August 17, 1956) in which to file and docket the appeal. The court made an order, "That the time for filing and docketing the appeal in this cause be extended until four months from the date of the entry of the judgment or decree, towit: May 17, 1956." This order was filed with the clerk on March 22, 1956. The appellants filed the record with the clerk of this court on May 28, 1956.

Upon appellants' petition of June 5, 1956, the trial court granted an Order Nunc-Pro-Tunc for additional time in which to file and docket the appeal. The original order, made on March 22, 1956, specified an extension until four months from the date of the entry of the judg-

ment or decree, towit: May 17, 1956. The Order Nunc-Pro-Tunc changed this to read ''that the time for filing and docketing the appeal in this cause be extended until four months from the date of the filing of the notice of the appeal, towit: until June 5, 1956.''

This case is governed by the rule handed down in *West* v. *Smith,* 224 Ark. 651, 278 S. W. 2d 126 and *Southwest Casualty Insurance Company* v. *Wesson,* 226 Ark. 16, 287 S. W. 2d 575.

The substance of the holdings in the above cases, as applied to the facts in the instant case is to the effect that the trial court, on its motion, or on the petition of the party interested, may extend the time for filing the record and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order.

The time fixed by the original order in this case had expired before the Nunc-Pro-Tunc Order of June 5, 1956, was granted. To be effective and in order to comply with the above decisions, the June 5, 1956 order should have been issued before May 17, 1956, the last date of the original extension.

The purpose of a Nunc-Pro-Tunc Order is to make the record reflect the transaction which actually occurred and which is not reflected by the record because of inadvertence or mistake. Its province cannot be extended to make the record show what ought to have been done. *St. Louis-San Francisco Railroad Company* v. *Hovley,* 196 Ark. 775, 120 S. W. 2d 14, and cases there cited.

A nunc-pro-tunc order cannot be used, under the circumstances appearing in this case, to extend the time for perfecting an appeal, if the time limitation has expired as herein stated. In the case of *West* v. *Smith, supra,* this Court said:

''The prevailing litigant in any case is entitled to know when the judgment becomes final. If the Trial

Court has fixed a time for the filing of the record on appeal and that time has expired then the prevailing litigant should be allowed to presume that the judgment is final in the absence of great unavoidable casualty. If four days after the time has expired the Trial Court can then grant a further extension, then three months after the time has expired the Trial Court can grant an extension; and no judgment would ever be final until seven months from the date of rendition in the Trial Court. That was not the purpose of the law; and in the interest of finality this Court should not exercise its inherent powers except in a most extraordinary situation."

The appeal is dismissed.