548

Homer Lloyd MOORE *v.* STATE of Arkansas

CR 79-227                                                592 S.W. 2d 450

Opinion delivered January 21, 1980

*Vincent E. Skillman*, for appellant.

*Steve Clark,* Atty. Gen., for appellee.

PER CURIAM. The appellant, Homer Lloyd Moore, through his attorney, has filed a motion for rule on the clerk.

The Clerk of this Court properly refused to accept the tendered record in this case because it was not tendered timely.

The judgment was entered April 3, 1979. A motion was filed on May 22, 1979, to extend the time for filing the transcript. The trial judge signed the order extending the time until December 26, 1979.

When the record was tendered more than seven months had elapsed from the date of the judgment.

In an affidavit attached to the motion, Vincent E. Skillman, Jr., the attorney for the appellant, stated, "That the time computed was incorrect not due to any fault of the said Homer Lloyd Moore, or anyone else to my knowledge."

We have recognized that sometimes an appeal must be accepted where to do otherwise would be a denial of a constitutional right; that is, the right to effective assistance of counsel.

In *Harkness* v. *State*, 264 Ark. 561, 572 S.W. 2d 835 (1978), we recognized this principle. Subsequent to *Harkness* in the per curiam opinion, Regarding Belated Appeals in criminal cases, dated February 5, 1979, we adopted a policy of publishing a per curiam order when we had to grant an appeal because counsel for no good cause tendered an out-of-time transcript.

In civil cases, an appeal will be granted if a record is tendered beyond a legally authorized date only if there is unavoidable casualty. In criminal cases, the rule is that we will do so only if there is an affidavit showing a "good reason." Rules of Crim. Proc., Rule 36.9.

None of these rules or decisions apply to the problem before us.

The affiant lawyer in this case does not cite good reasons, nor really any reason for not timely tendering the record. It is the duty and responsibility of counsel for an appellant to see that the record is timely filed. In effect, counsel for the appellant says it was not the fault of anyone. For that reason we deny the petition for a rule on the clerk.

We do not hold that we will deny a belated appeal if good reason is shown.