Billie WHITLOW *v.* AMERICAN GREETINGS
COMPANY and Charles L. DANIELS, Director,
Arkansas Department of Labor

CA 79-277                                        599 S.W. 2d 410

Court of Appeal of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Bill D. Etter,* for appellant.

*Herrn Northcutt,* for appellees.

STEELE HAYS, Judge. This is an unemployment compensation case. Appellant, Billie Whitlow, was disqualified for benefits under Ark. Stat. Ann. § 81-1106(a) (Repl. 1976), a pertinent part of which provides:

> Provided no claimant shall be disqualified if he has voluntarily left his work to accompany, follow, or join the other spouse in a new place of residence if he has clearly shown upon arrival at the new place of residence an immediate entry into the new labor market and is in all respects, available for suitable work.

The appeal referee and the Board of Review both disqualified the appellant under the above quoted provision finding that the claimant quit her last work voluntarily to join her husband in a new place of residence, and did not enter the labor market in the new area immediately upon her arrival thereto. It is undisputed that Billie Whitlow had worked thirteen years for American Greetings Company in Osceola, Arkansas. Her only reason for quitting was that she would be married on June 25, 1979, and would be moving to her husband's home in Brookland, near Jonsesboro, Arkansas. In anticipation of her marriage and move, the appellant gave the employer, appellee American Greetings Company, notice on June 18, 1979, that she would terminate her employment on July 5, 1979. The appellant was married on June 25 and actually established her new residence in Brookland on June 28 but, in order to honor her notice to the employer, Mrs. Whitelow commuted to work in Osceola, a distance of about 65 to 70 miles, until July 5, at which time she terminated her employment. On July 9, 1979, the appellant notified the

Jonesboro office of the Employment Security Division that she was available for work in the Jonesboro area and she also filed a claim for unemployment benefits at that time.

It is undisputed that the claimant, anticipating her marriage and move outside the vincinity of her employment, took steps to secure employment in her new place of residence. She sought work at the Brookland School District and an oil company in the new area even *before* she had ended her previous employment. On July 9, 1979, only three days after (and the second business day following) her last day of work in Osceola, she contracted the local employment office in Jonesboro in an attempt to find work. On July 27 she was interviewed for a job with a local employer. All of this occurred before she was notified that her claim for benefits was denied. The record shows that she was not disqualified by the agency office in Jonesboro until July 31, 1979. At the time of the hearing before the referee, appellant was still looking for work and testified that she would be willing to take a job even if paid considerably less than she was making at the previous place of employment. The Appeals Tribunal held that the facts of this case did not demonstrate an *immediate* entry by claimant into the labor market. The Board of Review simply adopted this finding and routinely affirmed the determination made by the referee.

Appellant argued that there is no substantial evidence to support this finding of fact, and we agree. Certainly a person who attempts to find work in a new location even before she moves there, and then contacts the local employment office immediately after she moves in not trying to avoid work. The evidence in this case is undisputed that Mrs. Whitlow made an entry into the new labor market, not only immediately after the last day she worked, but immediately before leaving her job and in anticipation of the move. There is no evidence to establish that she was *not* in all respects, after July 5, available for suitable work in the new area.

It is brief appellee attempts to justify the decision of the Board of Review by emphasizing the legal meaning of the word *immediate*. Appellee refers to Black's Law Dictionary, Revised Fourth Edition, page 884, quoting from the case of

*Alsam Holding Company* v. *Consolidated Taxpayers' Mutual Insurance Company,* 4 N.Y.S. 2d 498, 505, 167 Misc. 732, which points out that the word *immediate* is stronger than the expression "within a reasonable time" and implied prompt, vigorous action without delay. We find no fault with that legalistic definition. However, it must be remembered that in interpreting and applying this section [Ark. Stat. Ann. § 81-1106(a)] the basic design of the Act is to protect the employee from the economic consequences of unemployment through no fault of the employee; and, to that end, the Act should be liberally construed. *Garrett* v. *Cline,* 257 Ark. 829, 520 S.W. 2d 281 (1975). The appellee's construction of the statute in the case at bar is strict and literal. Appellee simply did not take into account the applicant's job seeking efforts the week or so before she terminated her employment. Apparently, its refusal to consider these particular efforts was because they were made *before* and not "upon her arrival at the new place of residence." Claimant reported to the local Employment Security Office on the second business day after her last day of work. We do not think the strict and literal order of the Board is supported by substantial evidence in this case. As appellant points out, she had worked for thirteen years at a single job, and then, upon her marriage and relocation in a new area, attempted both immediately before and immediately after to secure employment. There is no evidence to the contrary.

Reversed and remanded.