BUCKEYE COTTON OIL *v.* Shirley McCOY

81-3                                           613 S.W. 2d 590

Supreme Court of Arkansas
Opinion delivered April 6, 1981

*Thomas & Nussbaum*, by: *Alan Nussbaum*, for petitioner.

*Owens, McHaney & Calhoun*, by: *John C. Calhoun, Jr.*, for respondent.

GEORGE ROSE SMITH, Justice. This Workers' Compensation claim arises from an injury sustained by the claimant at work when a door handle struck her in the groin. After the claimant had suffered intermittent physical disabilities for some months, surgery disclosed that she had dermatopathic lymphadenitis, a condition characterized by swollen lymph glands. Upon conflicting medical opinions the Commission found that the claimant had failed to prove by a preponderance of the evidence that her condition arose out of her employment.

In appealing to the Court of Appeals the claimant argued only that the Commission had failed to give her the benefit of the doubt with regard to differing medical opinions. The Court of Appeals reviewed the evidence, declared that the Commission's finding that the claimant had failed to prove her case by a preponderance of the evidence was a mere conclusion, and remanded the case to the Commission with directions that it reopen the case and if necessary employ a qualified medical specialist to provide testimony

upon the issue of causation. The Court's procedure in remanding the case was so unusual that we granted certiorari to consider whether the Court had correctly interpreted the statute. Rule 29 (1) (c).

Before reaching the question that led us to review this case we observe that the claimant's argument for a reversal did not state a valid objection to the Commission's decision. It is true that the Commission should view the evidence favorably to the claimant in determining where the preponderance lies, but its failure to do so is not a basis for appellate reversal. The appellate court must view the evidence in the light most favorable to the Commission's decision and uphold that decision if supported by substantial evidence. *Warwick Electronics* v. *Devazier*, 253 Ark. 1100, 490 S.W. 2d 792 (1973). Specifically, conflicting medical testimony presents an issue of fact for the Commission. *Mechanics Lbr. Co.* v. *Roark*, 216 Ark. 242, 224 S.W. 2d 806 (1949). Here Dr. Mallory testified that in his opinion the claimant's injury was not work-related. He explained that lymphadenitis is caused by infection, but the blow to the claimant's groin did not break the skin and could not have caused an internal infection. He also explained that such a condition would have caused so much pain that she could not have continued to work, as she did. The substantiality of the doctor's testimony is not open to question.

The Court of Appeals, without directly addressing the question of substantial evidence, found the proof to be inconclusive and sent the case back to the Commission for further investigation, with the possible employment of a medical examiner pursuant to Ark. Stat. Ann. § 81-1319 (i) (Repl. 1976). That statute provides that the Commission shall "make such investigation, cause such medical examination to be made, hold such hearings, and take such further action *as the Commission deems proper* for the protection of the rights of the parties." (Our italics.) Thus the discretion to require a medical examination is conferred not upon an appellate court but upon the Commission, which has heard the testimony and is in a superior position to decide whether some additional investigation is appropriate. The Court of

Appeals misconstrued the statute in setting aside the Commission's decision and remanding the case.

The decision of the Court of Appeals is reversed, and the Commission's denial of the claim is reinstated.

HAYS, J., not participating.