William A. DAVIS *v.* C & M TRACTOR COMPANY et al

CA 81-61                    617 S.W. 2d 382

Court of Appeals of Arkansas
Opinion delivered June 24, 1981

*Henry Means, III*, for appellant.

*George E. Lusk, Jr.*, for appellees.

MELVIN MAYFIELD, Chief Judge. This is a motion for a rule on the clerk of this court filed pursuant to Rule 5 of the Rules of the Supreme Court and Court of Appeals.

Under our Rule 29(1)(i) the motion would be heard by the Supreme Court except this is an attempt to file a record on appeal from the Workers' Compensation Commission. The Supreme Court does not have jurisdiction of appeals from agencies or commissions. *Ward School Bus Mfg.* v. *Fowler*, 261 Ark. 100, 547 S.W. 2d 394 (1977); *Houston Contracting Co.* v. *Young*, 267 Ark. 44, 589 S.W. 2d 9 (1979). It does, of course, have jurisdiction of appeals from *courts* and has granted certiorari to both modify and reverse Workers' Compensation decisions made by the Court of Appeals. *Houston Contracting Co.* v. *Young*, 267 Ark. 322, 590 S.W. 2d 653 (1979); *Arkansas State Hwy. Dept.* v. *Breshears*, 272 Ark. 244, 613 S.W. 2d 392 (1981); *Buckeye Cotton Oil* v. *McCoy*, 272 Ark. 272, 613 S.W. 2d 590 (1981).

Notice of appeal was timely filed with the Commission in this matter but the record from the Commission was tendered to the clerk of this court more than 90 days from the filing of the notice of appeal. Because Rule 5 of the Rules of Appellate Procedure provides that the record be filed within 90 days from the filing of the notice of appeal, the clerk refused to file the record and appellant has filed a motion for a rule to require that it be filed.

The motion contends that appellant's attorney was not notified by the Commission that the record was ready until after the 90-day period to file had expired. The motion also points out that Rule 5 of the Rules of Appellate Procedure provides that a trial court, under circumstances set out in the rule, has authority to extend the time to file the record on appeal but that there is no provision allowing the Workers' Compensation Commission to so extend the time. The motion says, since all appeals from the Commission are now taken directly to the Court of Appeals, we should allow the record in this case to be filed or tell the attorneys of the state how an extension of time to file the record can be obtained.

Our present appellate procedure dates from the passage of Act 555 of 1953 which "made the most far-reaching revision in our procedural law ... since common law pleading was abandoned in 1868." Smith, *Panel on Appellate Procedure*, 8 Ark. L. Rev. 1 (1953-54). With only a very

limited number of statutory changes this procedure remained in effect until the Rules of Appellate Procedure were adopted by the per curiam order of the Supreme Court entered December 18, 1978, "pursuant to Act 38 of 1973 and to its constitutional and inherent power to regulate procedure in the courts" and which became effective July 1, 1979. See order at 264 Ark. 964. And the Reporter's Note to Rule 1 says, "These appellate rules are basically a revision and condensation of prior Arkansas statutory law ..." 3A Ark. Stat. Ann. 460 (Repl. 1979).

After the adoption of Amendment 58 to the Constitution in November of 1978, the General Assembly passed Act 208 of 1979 establishing the Court of Appeals authorized by the amendment. In the same session the General Assembly passed Acts 252 and 253, both of which provided for appeals from the Workers' Compensation Commission directly to the Court of Appeals. (The Supreme Court's Rule 29 has the same effect.) Section 1 of Act 252 simply provides, "Appeals from the Commission to the Court of Appeals shall be allowed as in other civil actions ..." Section 7 of Act 253, however, provides that an appeal to the Court of Appeals may be taken:

> [B]y filing in the office of the Commission, within thirty (30) days from the date of the receipt of the order or award of the Commission, a notice of appeal, whereupon the Commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence [and] the findings and orders, which shall become the record of the cause.

Our first question is whether the 90-day time period provided in the Rules of Appellate Procedure applies to the filing of a record on appeal from the Workers' Compensation Commission. Act 252 of 1979 says those appeals shall be allowed as in other civil actions. It would seem, therefore, that the 90-day period in which to file the record that applies to other civil actions would apply to appeals from the Commission. But Act 253 provides, after notice of appeal is filed, that the Commission shall "send to the court" the record on appeal and does not set out any specific time

limitation within which it should be filed. That was the same requirement in the original workers' compensation law, Act 319 of 1939, and was the same requirement in the Act passed in the extended session in 1976, Ark. Stat. Ann. § 81-1324(b) (Repl. 1947), which was in effect when Acts 252 and 253 of 1979 were passed. And in *Commercial Standard Ins. Co. v. Hill*, 203 Ark. 768, 158 S.W. 2d 676 (1942) the court held that the provision of the 1939 Act meant the Commission should file the record "within a reasonable time" although at that time the record was filed in the Circuit Court to which appeals from the Commission were then taken.

It can be noted that Act 252 of 1979 is concerned only with providing that appeals of workers' compensation and unemployment benefit cases shall go to the Court of Appeals while Act 253 of 1979 is concerned with amending many other sections of the workers' compensation law. Also, it can be noted that the two acts do not have to conflict since "send to the court" in Act 253 can be construed to mean within the same time period "in other civil actions" in harmony with Act 252. It can be noted too that while both of these acts were approved the same day Section 5 of Act 252 made that act effective on July 1, 1979, whereas Act 253 became effective on the date of approval, March 2, 1979. Since Act 208 of 1979 established the Court of Appeals and made the court effective on July 1, 1979, it is clear that Act 253, which became effective March 2, 1979, could not cause an appeal to be made to the Court of Appeals until that court came into existence. And we note that our Supreme Court has said that "acts passed upon the same subject must be taken and construed together" and that "this rule is especially applicable where the two acts were under consideration by the Legislature at the same time." *Roachell v. Gates*, 185 Ark. 350, 47 S.W. 2d 35 (1932).

All of this is to say that a good argument can be made that the record on appeal from the Workers' Compensation Commission should be filed in the Court of Appeals within 90 days from the filing of the notice of appeal as is required in other civil actions. And, since that is a decision the Supreme Court can and may ultimately make, we think it

best to so hold now. In that way, a party in the future will not be caught relying on an indefinite, uncertain, and unsettled period within which the record on appeal must be filed. It will be clear from this point on, unless changed by the Supreme Court, that the record must be filed within 90 days from the filing of the notice of appeal as provided by Rule 5 of the Rules of Appellate Procedure.

This holding makes it important, we feel, to attempt to make another point clear. In the motion before us the appellant says he was not *advised* that the record was ready to be filed until after the 90 days had expired. If records on appeal from the Commission are to be filed within the time period set out in the Rules of Appellate Procedure we think it proper that the responsibility for seeing that the record is filed in time should rest where it rests under the Rules of Appellate Procedure. To determine where that is, we first look at Act 555 of 1953 from which these Rules come.

Section 14 of that act provided: "The clerk of the trial court, under his hand and the seal of the court, shall transmit to the appellate court a true copy of the matter designated by the parties." In an early case construing Act 555, *Southwest Casualty Ins. Co.* v. *Wesson*, 226 Ark. 16, 287 S.W. 2d 575 (1956), the record was not filed in time and it was claimed that it was not appellant's fault because its attorneys relied upon the court reporter to obtain an extension of time and the court said, "Appellant's counsel had no right to rely on the court reporter to get the order of extension."

During the course of the next twenty years, many similar decisions were made, and in 1975 in *Canal Ins. Co.* v. *Arney*, 258 Ark. 893, 530 S.W. 2d 178 (1975), the Supreme Court held it was the appellant's duty to file the record on time or obtain an extension saying:

That party is the purportedly aggrieved party, and unquestionably the principal one interested in, and to be benefited by, a reversal of trial court judgment. We think it obvious that, having this paramount interest, the appellant shoulders the obligation to comply with

all steps in a proceeding that might redound to his (or its) benefit.

When the Rules of Appellate Procedure were adopted, Rule 7 changed section 14 of Act 555 by providing "After the record has been duly certified by the clerk of the trial court, it shall be the responsibility of the appellant to transmit such record to the clerk of the appellate court for filing and docketing." In *Christopher* v. *Jones*, 271 Ark. 911, 611 S.W. 2d 521 (1981), the court construing its Rules of Appellate Procedure stated "The responsibility for the timely filing of appeals must rest upon the litigant and his attorney, not upon the trial judge or court reporter."

Thus, under the Rules of Appellate Procedure, it is the responsibility of the appellant (which means his attorney if he has one) to see that the record is filed in time. This is not a new concept. One hundred forty years ago *Hathaway* v. *Smith*, 3 Ark. 248 (1841), held it was the appellant's duty to cause the transcript to be filed. The question has frequently arisen, however, as to what constitutes a valid excuse for not filing the record in time.

In *West* v. *Smith*, 224 Ark. 651, 278 S.W. 2d 126 (1955), the court allowed a record to be filed after the 90-day period had expired and no extension had been obtained. This action was by a divided court, on rehearing, and was taken because Act 555 was new. The court said it would use its inherent constitutional power, in the interest of justice, to allow records to be filed late during the next thirty days.

Again, in *Gallman* v. *Carnes*, 254 Ark. 155, 492 S.W. 2d 255 (1973), the court allowed a record to be filed out of time when Act 206 of 1971 amended Act 555 which had been in force for 18 years. Act 555 allowed the trial court, "in its discretion and with or without motion or notice" to extend the time for docketing an appeal (up to seven months from date of judgment) provided the extension order was entered within a period previously allowed.

Act 206 of 1971 changed that by adding 'the condition that an extension could be granted only upon a showing that

appellant had ordered a transcript of evidence stenographically reported. No testimony had been reported in *Gallman* but an extension had been allowed and the record filed during the extension. In that situation, the appellees' motion to dismiss the appeal was denied with the court saying, "to avoid unnecessary hardship to litigants who are not themselves at fault, we think it best to allow a short period of grace before the provisions of Act 206 will be routinely applied."

With the exception of *West* and *Gallman*, the Supreme Court has been extremely reluctant to allow records on appeal to be filed out of time. In *Bernard* v. *Howell*, 254 Ark. 828, 496 S.W. 2d 362 (1973), the court said it had been liberal in accepting late appeals in criminal cases, "But in civil cases we have refused to exercise our inherent powers in accepting late appeals 'except in a most extraordinary situation.' " (Citing *West*.)

Criminal cases are, of course, a special situation. The Arkansas Supreme Court has recognized that an appeal in a criminal case sometimes must be accepted where to do otherwise would be a denial of the defendant's constitutional right to effective counsel. *Moore* v. *State*, 267 Ark. 548, 592 S.W. 2d 450 (1980). So in keeping with its per curiam order of February 5, 1979, 265 Ark. 964, the court has allowed records to be filed out of time where counsel for the defendant admits he was at fault but a copy of the order has been sent to the court's Committee on Professional Conduct.

In *Thomas* v. *Ark. State Plant Board*, 254 Ark. 997-A, 497 S.W. 2d 9 (1973), the court allowed the record in a civil case to be filed late where the failure to file on time was due to the aftermath of several tornadoes which struck Jonesboro on May 27, 1973, damaging the attorney's home and law office and substantially increasing his duties as city attorney. The court said:

> We can readily classify the devastating Jonesboro tornado or tornadoes as falling within the category of the forces of nature or Act of God characterizing an unavoidable casualty productive of the 'most extraor-

dinary circumstances' which justify our permitting the tardy lodging of an appeal. (Citing *West* and *Bernard*, supra.)

We have tried to solve the problem caused by the differences in Acts 252 and 253 of 1979 with regard to filing the record on appeal and to make clear our view as to where the responsibility lies for seeing that the record is timely filed. We have also tried to show that the failure to discharge that responsibility is excused only by "most extraordinary circumstances." Since the Supreme Court has the final authority in these matters, we have been concerned to adopt views, which if followed, will prevent any appellant from losing his appeal by failing to timely file the record on appeal.

Since Acts 252 and 253 of 1979 have not been interpreted before we think it within the spirit of *West* and *Gallman* to grant the appellant's motion for a rule on the clerk but it should be obvious that this action cannot be relied upon in the future.

There is a problem with regard to extending the time to file the Commission's record on appeal. Under the conditions set out in Rule 6 of the Appellate Rules the trial court can extend this time but there is no authority for the Commission to do so. Perhaps the answer is the promulgation of a rule by the Supreme Court. In *Commercial Standard Ins. Co.* v. *Hill*, supra, certiorari was used to get a Commission record in circuit court and some of the motions and writs referred to in Rule 29(1)(i) of the Rules of the Supreme Court and Court of Appeals would seem to be available to the Court of Appeals in Workers' Compensation Commission matters.

Motion for rule on clerk is granted.