Marcia HATMAN *v.* William F. EVERETT, Director of Labor & LITTLE ROCK CARDIOLOGY CLINIC

E 81-360                                    633 S.W.2d 379

Court of Appeals of Arkansas
Substituted Opinion delivered May 19, 1982

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

JAMES R. COOPER, Judge. Appellant worked several years for Little Rock Cardiology Clinic. Appellant's husband was scheduled to be transferred to Russellville and in anticipation of her relocation, she wrote approximately ten letters to prospective employers in the Russellville area prior to her last day of employment. Appellant arrived at her new place of residence on July 31, 1981, and on August 3, 1981, she registered with the employment office in Russellville.

Appellant was disqualified from benefits on a finding that she had not made an immediate entry into the labor market, because she had not had any face to face contact with employers. There was little testimony at the hearing, but a letter from appellant to the Appeal Tribunal was read into the record. In that letter, appellant stated that she had contacted three of the prospective employers to whom she had written and had contacted one other prospective employer during the period in question.

The facts in this case are remarkably similar to those in *Whitlow* v. *American Greetings Company,* 268 Ark. 1122, 599 S.W.2d 410 (Ark. App. 1980). In the *Whitlow* case, the appellant had worked for the same employer for thirteen years. Prior to moving to accompany her spouse to a new place of residence, she contacted two prospective employers. Three days after her last day of work at her previous location, and on the second business day following her last day of work, she registered at the local employment office in Jonesboro. Eighteen days after her registration for work, she had a face to face interview with a local employer. This Court said that in determining whether a claimant has made

an immediate entry into the new labor market, the claimant's job contacts made prior to separation from her previous employer must be taken into consideration.

We hold that the *Whitlow* case is controlling in the case at bar. In determining whether a claimant has made sufficient job contact, we know of no statutory or case law authority for the proposition that face to face contacts are required. Appellant obviously made an immediate entry into the new labor market, when her contacts prior to termination and after her arrival at her new place of residence are considered. The decision of the Board of Review is reversed and remanded, with directions to award benefits.

MAYFIELD, C.J., dissents.