158

### Floyd E. SAGELY, Jr., Steve P. DONEHUE and Ricky G. DAVIS *v.* STATE of Arkansas

CR  84-220 685 S.W.2d 169

Supreme Court of Arkansas
Opinion delivered February 25, 1985
[Substituted Opinion delivered March 4, 1985[

*William M. Cromwell,* for appellant.

No response.

PER CURIAM. The appellants Sagely, Donehue, and Davis, tendered a consolidated record for filing, but the clerk refused to file it on the ground that it was tendered too late as to some of the 14 named appellants. William Cromwell, counsel for these three appellants, insists that the tender of

the record was timely and has filed a motion for a rule on the clerk to compel the filing of the record.

Each of the appellants is in a different position. In Sagely's case the trial was in January, 1984, and notice of appeal was filed on February 21, but the judgment was not entered until July 31. The premature notice of appeal was timely, but the 90 days for the entry of an order extending the time for filing the record necessarily ran from the entry of the judgment. The order of extension was not entered until November 14, more than 90 days after July 31. The extension order was therefore invalid, and the record was tendered too late.

In Donehue's case the judgment was entered on July 31, the notice of appeal was filed on August 17, and the order extending the time for filing the record was entered within 90 days, on November 14. The record was tendered within the time allowed by the extension and was timely.

In Davis's case the judgment was entered on July 31, but the notice of appeal was not filed until September 4, which was past the 30 days allowed. Counsel is in error in arguing that three extra days for mailing are to be allowed under Civil Procedure Rule 6 (d). That provision does not apply to a judgment, which is not a pleading. A party is expected to keep himself informed about the entry of judgment. *Karam v. Halk,* 260 Ark. 36, 537 S.W.2d 797 (1976). If an attorney receives a copy of the judgment three days after its entry, he is obviously not prejudiced by having only 27 days more in which to file a simple notice of appeal.

As to Donehue, the tender of the record was timely; so the record was properly filed in his case. As to Sagely and Davis, the tender was not timely. The motion is therefore denied as to them. If counsel will file another motion assuming full responsibility for the errors or showing other sufficient cause for granting the motion, the motion for a rule on the clerk will be granted. See Per Curiam opinion, In Re: Belated Appeals in Criminal Cases, 265 Ark. 964. (This opinion replaces an earlier one handed down on February 25, 1985.