Jerry L. WORTHAM *v.* DIRECTOR OF LABOR

E 90-2                                            790 S.W.2d 909

Court of Appeals of Arkansas
En Banc
Opinion delivered June 13, 1990

*Appellant*, pro se.

No response.

PER CURIAM. On May 25, 1990, the appellant filed a petition which we view as a writ of certiorari to bring the record to this Court. No response has been filed by the Director of Labor. We grant the petition.

Under Ark. Code Ann. Section 11-10-529(b)(1) (1987), the Director of Labor is required to file a certified copy of the record of the case, including all documents, papers, and a transcript of the testimony, but the statute specifies no time period within which the record shall be filed. We think, however, it is intended that the record be filed within a reasonable period of time. In *Commercial Standard Insurance Co.* v. *Hill*, 203 Ark. 768, 158 S.W.2d 676 (1942), the Court considered Section 25 of Act 319 of 1939, which provided for an appeal to circuit court from a final award of the Workers' Compensation Commission. Although that Act specified no time period in which the record should be filed, the Arkansas Supreme Court held that, after the notice of appeal was filed, "the Commission should, *within a reasonable*

*time*, return to the [circuit] court all documents and papers on file in the matter together with the transcript of the evidence, the findings and award, in order that the same should become the record of the cause." 202 Ark. 771 (emphasis added).

In *Davis* v. *C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981), we held the law required that the record on appeal from a Workers' Compensation Commission decision be filed in this Court within 90 days from the filing of the notice of appeal "as is required in other civil actions." 2 Ark. App. 154. Because Rule 5(a) of the Rules of Appellate Procedure requires that the record on appeal from circuit and chancery courts be docketed in the appellate court within 90 days of the filing of the first notice of appeal and because we have held that that time limit should apply to appeals from the Workers' Compensation Commission, it would seem by analogy, that 90 days is a reasonable period of time in which the record on appeal should be filed in appeals to this Court from the Arkansas Board of Review.

In *Whitlow* v. *American Greetings Co.*, 268 Ark. 1122, 599 S.W.2d 410 (Ark. App. 1980), we noted that it should be remembered in interpreting and applying the Employment Security Law that "the basic design of the Act is to protect the employee from the economic consequences of unemployment through no fault of the employer; and, to that end, the Act should be liberally construed." 268 Ark. 1125. The Arkansas Supreme Court said in *Davis* v. *Stiles*, 287 Ark. 261, 698 S.W.2d 287 (1985), that "[t]his statute was written for the purpose of settling employment claims and furnishing compensation in an expeditious way to those who are entitled." 287 Ark. 263. We hold that a period of 90 days, after the filing of the notice of appeal, is a reasonable time in which to file the record on appeal from an unemployment compensation case.

In the case at bar, the Board of Review decision is dated December 19, 1989. Notice of appeal was filed January 2, 1990, and the director of the Department of Labor filed a response on January 3, 1990, stating that the record would be filed as soon as possible. As of today, no record has been filed. Since over five months has passed since the filing of the notice of appeal without filing the record, we grant the petition for a writ of certiorari and order that the record be transmitted to this Court within thirty

days in keeping with Rule 26 of the Rules of the Arkansas Supreme Court and Court of Appeals.

Petition for Writ of Certiorari granted.