Wesley TRIBBLE *v.* HEARTLAND EXPRESS and Credit
General Insurance Company

CA 94-148                                              872 S.W.2d 86

Court of Appeals of Arkansas
Opinion delivered March 16, 1994

*Donald Frazier*, for appellant.

*Ralph R. Wilson*, for appellee.

PER CURIAM. The appellant in this workers' compensation
case filed a timely notice of appeal from a decision of the Arkansas
Workers' Compensation Commission, but tendered the record to
the Clerk of this Court more than ninety days from the filing of
the notice of appeal. The Clerk refused to file the record, and
the appellant has filed a motion for a rule to require that it be filed.

The record on appeal from the Workers' Compensa-
tion Commission must be filed in the Court of Appeals within
ninety days from the filing of the notice of appeal, as is required
in other civil actions. *Davis* v. *C & M Tractor Co.*, 2 Ark. App.
150, 617 S.W.2d 382 (1981). In support of his motion, the appel-

lant asserts that the record was not timely filed because he was not notified that the record was available until he received a letter from the Commission dated January 13, 1994, four days before the ninety-day period expired. However, we find these circumstances to be insufficient grounds for the appellant's motion for a rule on the Clerk.

■ The responsibility for seeing that the record on appeal is timely filed lies with the appellant or his attorney, and cannot be shifted to the court appealed from or its staff. *Id.; see Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986). We have said that, in civil cases, the failure to discharge that responsibility is excused only by the most extraordinary circumstances. *Davis* v. *C & M Tractor Co., supra.* No such circumstances have been presented in the case at bar, and the appellant's motion is consequently denied.

However, we want to call attention to our opinion in *Evans* v. *Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987). There, we pointed out that the Arkansas Supreme Court had issued a per curiam providing that in appeals from administrative agency or commission cases, the Clerk of this Court, before the time for filing the record expires, may issue a writ of certiorari which would allow additional time to file the record on appeal. That rule now appears as Rule 3-5 of the Rules of the Arkansas Supreme Court and Court of Appeals.

Motion for Rule on the Clerk denied.