Donald T. GREEN, Charles L. Stephenson, Judee Harris,
Anthony Long, Jack D. Causey, Jr.
*v.* DIRECTOR, Employment Security Division

E95-35, E95-38, E95-62, E95-78, E95-114      901 S.W.2d 860

Court of Appeals of Arkansas
Motions for Rule on Clerk denied
July 5, 1995

Appellant *Donald T. Green, pro se. Ronald Calkins*, for appellee.

Appellant *Charles L. Stephenson, pro se. Allan Pruitt*, for appellee.

Appellant *Judee Harris, pro se. Ronald Calkins*, for appellee.

Appellant *Anthony Long, pro se.* No response.

Appellant *Jack D. Causey, Jr., pro se. Allan Pruitt*, for appellee.

PER CURIAM. The above-listed cases, seeking review of the denial of unemployment compensation claims, have been consolidated for consideration of motions for rule on the clerk. In each case, a petition for review of the Arkansas Board of Review's decision was presented to the Clerk of the Court of Appeals more than 20 days from the date the decision of the Board was mailed to the claimant.

Arkansas Code Annotated § 11-10-529(a) (1987) provides that a party to a decision of the Board of Review shall have twenty days from the date the decision is mailed to him in which to request judicial review, which is accomplished by filing a petition for review with the Clerk of the Court of Appeals.

■ We are constrained to deny the claimant's motions for rule on the clerk because their petitions for review were filed outside the twenty-day statutory period. We have no authority to extend the deadline for filing a petition for review, *Wooten* v. *Daniels*, 271 Ark. 131, 607 S.W.2d 96 (Ark. App. 1980), because the time for appeal from administrative agency determinations is a legislative matter. *Lloyd* v. *Potlatch* Corp., 19 Ark. App. 335, 721 S.W.2d 679 (1986).

Motions denied.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I would grant the motions for rule on the clerk and allow these appeals from the denial of claims for unemployment compensation to be filed and a determination to be made on the merits of the claims. To accomplish this, all that is necessary is for the statute that fixes the period for filing the appeal to be considered in connection with Rule 6(d) of the Arkansas Rules of Civil Procedure. Rule 6(d) provides as follows:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period. Provided, however, that this subdivision shall not extend the time in which the defendant must file an answer or preanswer motion when service of the summons and complaint is by mail in accordance with Rule 4.

I first note that the issue under consideration involves the construction or interpretation of a statute and court rule and would usually be decided in the first instance by the Arkansas Supreme Court but in appeals from agencies or commissions the case first comes to us under Supreme Court and Court of Appeals Rule 1-

2(3). *See* also *Davis* v. *C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981).

Next, I consider the obvious question of why the Rules of Civil Procedure should have any application in computing the time for filing an appeal in the Board of Review.

In *Hodge* v. *Wal-Mart Stores, Inc.*, 297 Ark. 1, 759 S.W.2d 203 (1988), the question was whether a suit had been refiled within the statutory period of one year after it had been voluntarily nonsuited. In making that determination the Arkansas Supreme Court applied Ark. R. Civ. P. 6(a), which contains the following provision:

> In computing any period of time prescribed or allowed by these rules, by order of the Court or by *any applicable statute*, the day of the act, event or default from which the designated period of time begins to run shall not be included. (Emphasis added.)

And in *Transportation Properties, Inc.* v. *Central Glass & Mirror*, 38 Ark. App. 60, 827 S.W.2d 667 (1992), the Arkansas Court of Appeals, sitting en banc, unanimously agreed that Ark. R. Civ. P. 6(a) was applicable in determining whether a complaint to enforce a lien was filed within the period of time allowed by statute. In response to the argument made in that case that Ark. R. Civ. P. 81(a) prevented the application of the civil procedure rules where a "statute which creates a right, remedy or proceeding specifically provides a different procedure," we said that the statute provided for the period of time involved but did not provide that a certain method or procedure be used in computing that period of time.

In the instant case, the time within which the petition must be filed in the court of appeals is provided by statute, but the statute does not provide that any certain method be used in computing that period. Therefore, I see no good reason why the provisions of Ark. R. Civ. P. 6(d) should not be used in computing the period of time here just as Rule 6(a) was used for that purpose in the *Hodge* v. *Wal-Mart* and *Transportation Properties* v. *Central Glass & Mirror* cases.

In addition to those cases, in *Ashcraft* v. *Quimby*, 2 Ark. App. 174, 617 S.W.2d 390 (1981), in computing whether a notice

of appeal in a worker's compensation case had been filed within the thirty days "from the date of the receipt of the order or award of the commission" as provided by what is now Ark. Code Ann. § 11-9-711(b)(1)(A) (1987), the court of appeals held that Ark. R. Civ. P. 6(a) should be used. Although in *Sunbelt Couriers* v. *McCartney*, 303 Ark. 522, 798 S.W.2d 92 (1990), our supreme court held that the Arkansas Rules of *Appellate* Procedure did not govern the time period in which notice of appeals from the Worker's Compensation Commission had to be filed, that case did not involve the question of whether Ark. R. Civ. P. 6 had any application to the method of computing the time period.

Also, in *Sagely* v. *State*, 285 Ark. 158, 685 S.W.2d 169 (1985), the court held that the time for filing a notice of appeal or the record in an appeal from a circuit court is not extended by Ark. R. Civ. P. 6(d), which allows three extra days for mailing. It is obvious, however, that filing a notice of appeal or the record in an appeal from circuit court is different from filing a notice of appeal or petition for review in a worker's compensation or an unemployment compensation case. I think the other cases discussed in this opinion point toward using Ark. R. Civ. P. 6(d) in computing the application of a time period set by a statutory provision. The *Sagely* case simply does not involve a statutory time period.

The view I take here was also taken by the case of *Thielking* v. *Kirschner*, 859 P.2d 777 (Ariz. App. 1993). In that case the court was concerned with an Arizona statute, A.R.S. § 12-904, which provided that the time to file an appeal from an administrative agency decision starts to run from the date that a copy of the decision is mailed by certified mail. The court held that the time limit could be extended by Arizona's Rule of Civil Procedure 6(e), which provided:

> Whenever a party has the right or is required to take some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period. This rule has no application to the mailing of notice of entry of judgment required by Rule 77(g).

This decision was made by the Arizona Court of Appeals which

reconsidered and rejected a previous opinion by that court. In summary the court said:

> The trial judge, of course, was obliged to follow UFW; but we owe it only our respectful consideration. And we have concluded, after such consideration, that Arizona law will gain, not lose, by our taking a different path. Specifically, by rejecting the analysis of that case, we can restore consistency to the case law of Rules 6(a) and 6(e). Further, we can remove the potential that currently lies within 6(e) for litigants to be misled in calculating their time to seek review pursuant to section 12-904.

*Id.* at 785. The court's reference to rules 6(a) and 6(e) is explained by its earlier statement as follows:

> Rules 6(e) and 6(a) are omnibus companions meant to govern time counting in civil proceedings in the superior court. They are broadly written and familiar to most lawyers, and one would expect them to be given a complementary construction. There is no more jurisdictional offense under Rule 6(e) than under Rule 6(a) in holding that the rule governs the running of the statutorily prescribed time. It is equally appropriate when construing Rule 6(e) as when construing Rule 6(a) to heed the *Salzman* court's concern to avoid a construction that might "trap the unwary" into overestimating their available time.

*Id.* at 784.

This Arizona case points to my main motivation for using Ark. R. Civ. P. 6(d) to compute the time period allowed for filing a petition for review in cases appealed to us from the Board of Review. Our employment security law provides that a party may appeal a determination made by the agency by filing a written notice of appeal with the Appeal Tribunal within twenty (20) days after the decision is mailed, or if not mailed, within twenty (20) days after it is delivered; and if the notice of appeal is mailed it "shall be considered to have been filed as of the date of the postmark on the envelope." *See* Ark. Code Ann. § 11-10-524(a) (Supp. 1993). The same procedure applies in an appeal from the Appeal Tribunal to the Board of Review. *See* Ark. Code Ann. § 11-10-525(a) (1987), and *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d

760 (Ark. App. 1980). On the other hand, when a party appeals a decision of the Board of Review to this court the twenty (20) days allowed to file the petition for review simply states that the party has "twenty (20) days in which to request a judicial review thereof by filing in the court of appeals a petition for review of the decision." *See* Ark. Code Ann. § 11-10-529(a) (1987). The potential to mislead and trap the unwary that motivated the Arizona court clearly confronts the pro se litigants who make up the vast majority of the appellants in our appeals from the Board of Review.

I think it is reasonable and fair to use Ark. R. Civ. P. 6(d) in computing the running of the twenty (20) days a party has to appeal after the decision of the Board of Review has been mailed. Therefore, I dissent from the majority opinion's decision to deny the motions for rule on the clerk.