Margaret DAVIS *v.* Dewey STILES, Director of Labor, and SEARCY PUBLIC SCHOOLS

85-156                                          698 S.W.2d 287

Supreme Court of Arkansas
Opinion delivered November 4, 1985
[Supplemental Opinion on Denial of Rehearing
December 16, 1985.*]

---

\* Purtle, J., not participating.

*David J. Manley*, Legal Services of Arkansas, for appellant.

*George Wise, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. Petitioner Margaret Davis applied for unemployment compensation after losing her job as a school bus driver, and was denied benefits. After remand by the Arkansas Court of Appeals, she was denied certain benefits for a reason unrelated to the first denial. The question on appeal is whether respondent, the Department of Labor, should be allowed to raise a wholly new challenge to a claimant's application for benefits upon remand. The Court of Appeals affirmed the denial and we granted petitioner's motion for review pursuant to Sup. Ct. R. 29(4)(b). We reverse.

The procedural history of this case illustrates the need for our holding that all the challenges to an unemployment compensation claim should be decided in the first instance. Petitioner's first application for benefits was brought on November 11, 1981. After a hearing, the Appeals Tribunal found that she had insufficient wages in her base period to qualify for a claim. The Board of Review affirmed the denial on March 8, 1982 and petitioner appealed to the Arkansas Court of Appeals. Respondent then filed a motion to remand, stating that it agreed that petitioner had earned sufficient wages and was thus "monetarily" qualified for benefits.

When the case was remanded, the respondent challenged the claim on the nonmonetary ground that petitioner had been discharged because of misconduct in connection with her work. The Employment Security Division subsequently denied eight weeks of benefits and reduced her maximum amount because misconduct was the reason for her discharge. In an appeal process spanning close to two and one-half years, the Appeals Tribunal, Board of Review and Court of Appeals affirmed the denial of benefits.

Petitioner contends that the determination of both her monetary and nonmonetary rights to benefits should have been made in the initial decision under Ark. Stat. Ann. § 81-1107

(c)(1)(A) and (B) (Repl. 1976), and we agree. The nonmonetary determination was not necessary in the first instance, respondent asserts, because it was first found that appellant had not qualified for benefits by earning the minimum amount of wages. Therefore, respondent states, the nonmonetary determination was left open. To allow such a process, however, would lead to the "piecemeal" litigation of claims which we meant to preclude by our holding in *Stover* v. *Deere*, 249 Ark. 334, 461 S.W.2d 393 (1970); and would result in claims remaining unsettled for needless periods of time, such as in this case which now spans four years.

In *Stover*, we said:

> The statute requires that in the first instance both the monetary and the nonmonetary determinations be made "promptly." Ark. Stat. Ann. § 81-1107(c)(1)(A) and (B). Similarly, notice of these determinations must be given "promptly" to the claimant. Id., (c) (3) (A) and (B). We are unwilling to allow the Commissioner to raise at this late date an issue that should have been promptly decided in the first instance or that should at least have been unmistakably reserved in the original determination. The claimants cannot now be fairly required to start all over again in their quest for benefits under the statute.

Obviously, a nonmonetary determination was not made in the first instance. Likewise, there was nothing "prompt" about the determination of the petitioner's claim. This statute was written for the purpose of settling employment claims and furnishing compensation in an expeditious way to those who are entitled. Violations of the statute cannot and will not be tolerated.

Inasmuch as we reverse this case for violation of § 81-1107, we need not discuss the questions concerning the doctrines of res judicata and law of the case.

■ Challenges to an application for unemployment benefits must be made in the first instance in a prompt manner or be lost, "unless unmistakably reserved in the original determination", *Stover*, supra.

Reversed.

PURTLE, J., not participating.

Supplemental Opinion on Denial of Rehearing
December 16, 1985

700 S.W.2d 369

JACK HOLT, JR., Chief Justice. In its petition for rehearing, appellee asks that we reconsider our ruling that Ark. Stat. Ann. § 81-1107 (Repl. 1976 and Supp. 1985), when interpreted in light of the case law and legislative intent behind it, mandates that all challenges to a claim for unemployment compensation be raised in the first instance or be lost, unless unmistakably reserved. We deny the petition for rehearing but issue this supplemental

opinion to amplify our decision.

Appellee urges a different ruling based on statutory interpretation, and the burden it contends this ruling will place on the Arkansas Employment Security Division. The pertinent statutory language is from § 81-1107(c)(1)(A) and (B), which state:

>    (c) Determination. (1) In General. (A) A monetary determination upon a claim filed pursuant to section 6(b)(1) [subsection (b)(1) of this section] shall be made promptly by the Director and shall include total wage credits as reported paid by each employer during his base period, and the identity of each base period employer. For a claimant who meets the wage requirements of section 4(e) [§ 81-1105(e)] of this act, this notice shall include the beginning date of his benefit year, his basic weekly benefit amount, and the maximum amount of benefits that may be paid to him during the benefit year. For a worker who does not meet the wage requirements of section 4(e) [81-1105(e)] of this act, the notice of monetary determination shall include the reason for such determination.

>    (B) A nonmonetary determination of a claimant's right to waiting period credit or benefits shall be made under sections 4 and 5 [§§ 81-1105, 81-1106] of this act promptly upon his time, claiming such credit or benefits.

Although the statute divides the two determinations into separate findings, it does not require bifurcated proceedings on each issue as appellee argues. Monetary eligibility is considered first, at which point, if the claimant is found to be monetarily ineligible, we require the Employment Security Division to likewise raise any challenges to the nonmonetary eligibility or risk losing those challenges if the claimant succeeds in getting the monetary finding reversed. If the claimant is found monetarily eligible, then of course the nonmonetary determination would follow under the statute. The fact that the two determinations are separate findings under the statute does not lead to the conclusion that the Employment Security Division can secure a finding of monetary ineligibility, stop the proceedings at that point while the claimant appeals, and then upon a reversal challenge eligibility of the claimant on other grounds, forcing a second appeal by the claimant. The claimant's appeal should be able to encompass

all challenges the first time.

The fact that § 81-1107(c)(3)(A) and (B) have separate notice provisions for the monetary and nonmonetary determinations does not change this conclusion. The notices can be sent out together or as one notice to the claimant and employer so that the employer can inform the Director of the Department of Labor of all aspects upon which the claim may be challenged.

■ We have not required the Employment Security Division to proceed in all cases from a finding of monetary ineligibility to a determination of nonmonetary eligibility. We have only said that if a claimant is found monetarily ineligible and that decision is reversed by an appellate court, it is not "prompt" as required by § 81-1107(c)(1)(A) and (B) for the claimant to have to then proceed through the process again faced with a new challenge to his or her eligibility. It is only necessary to look at the results of this case, where the claimant has waited four years to receive a final determination of her rights to unemployment benefits, to see how the process utilized by appellee clearly defeats the purpose of the unemployment compensation law by not giving prompt relief to the unemployed.

■ The language we quoted from *Stover* v. *Deere*, 249 Ark. 334, 461 S.W.2d 393 (1970), made it clear long before this decision that both monetary and nonmonetary determinations must be made in the first instance in order to avoid piecemeal litigation of claims. We feel that language can be interpreted only one way.

■ The statement cited from *Stover* that the nonmonetary determination must at least be unmistakably reserved in the original determination does not allow the Employment Security Division to make a practice of routinely stating for the record that the determination is reserved until the monetary eligibility is settled on appeal. Such a reservation must be in good faith and for an unavoidable reason which can be demonstrated at the time of the reservation.

Finally, it should be clear from our opinion that this decision applies to the ability of an appellate court to remand a case for further proceedings only so far as it involves a failure by the Employment Security Division to comply with this particular

requirement.

Petition denied.

PURTLE, J., not participating.