**PUEBLO SCHOOL DISTRICT NO. 60, Petitioner,**

v.

**Prescilla MARTINEZ, Colorado Division of Employment and Training and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 87CA0294.**

Colorado Court of Appeals, Div. II.

Dec. 31, 1987.

Petersen & Fonda, P.C., Kathleen K. Hearn, Pueblo, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, First Asst. Atty. Gen., Denver, for respondents Div. of Employment & Training and Indus. Claim Appeals Office.

No appearance for respondent Prescilla Martinez.

VAN CISE, Judge.

Pueblo School District No. 60 seeks review of an order of the Industrial Claim Appeals Office (Panel) which granted an award of unemployment benefits to Prescilla Martinez (claimant). We affirm.

Testimony at claimant's unemployment hearing established that claimant, a janitor, was charged by school officials with taking toilet paper and was "suspended indefinitely without pay pending investigation for dismissal," pursuant to the school district work rules. Two weeks later, after a school disciplinary hearing and administrative review, a school district associate superintendent ordered claimant's termination to be processed before the board of

education. Claimant's termination would have been processed immediately but for claimant's request, through her union representative, that no further action be taken until she exhausted her grievance rights. Grievance procedures, and claimant's suspension, lasted about three months longer. During this time claimant applied for unemployment benefits. The day before claimant's final grievance hearing, the school reinstated claimant.

While on suspension, claimant performed no services for and received no wages from the school district. However, her fringe benefits, such as health insurance and leave time, were continued. Further, she was subject to being recalled to work, at any time, subject to the suspension by the school district. Claimant testified, though, that she understood that she had no assurance of ever being returned to work and that she was free to seek other employment, which she did. The school district not only confirmed this, but admitted that her suspension was open-ended, that particularly after the termination recommendation the school district had no intention to return claimant to work, and that her only opportunity of returning to work was based upon her prevailing when her case was heard by the board of education.

Upon conflicting testimony, the Panel found that, upon leaving work one evening, claimant discovered a school trash bag lodged under the side of her car. After determining that the trash bag contained aluminum cans, claimant placed the bag in her trunk. She was not surprised to find the bag because she collected aluminum cans with the school's permission, and thought that perhaps student helpers had placed the bag there for her. Claimant willingly allowed the school district representatives to investigate the contents of the bag when they stopped her as she was driving out of the parking lot. Claimant testified it was then she discovered the toilet paper in the bag.

From this evidence, and the inferences drawn therefrom, the Panel found that claimant had not committed theft, that during her suspension she was "partially un-employed," pursuant to § 8–73–103(1), C.R.S. (1986 Repl. Vol. 3B), and that she was not at "fault" for her partial unemployment. The Panel therefore concluded that § 8–73–107(1)(i), C.R.S. (1986 Repl.Vol. 3B) was inapplicable and awarded claimant benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). *See Santa Fe Energy Co. v. Baca,* 673 P.2d 374 (Colo.App.1983).

## I.

Arguing that claimant was not working because of a disciplinary suspension, the school district contends that the Panel erred in not denying claimant benefits pursuant to § 8–73–107(1)(i), C.R.S. (1986 Repl. Vol. 3B). We disagree.

Pursuant to § 8–73–107(1)(i), a claimant may be denied benefits when the claimant "is not working due to a disciplinary suspension as provided in the contract of employment." The term "disciplinary suspension" is not defined by the unemployment act or case law. Therefore, this phrase must be construed according to its familiar and generally accepted meaning. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

We agree with the Panel that the intent of this statutory section is to deny the payment of unemployment benefits to workers who are temporarily removed from working for disciplinary reasons where the worker is reassured of reinstatement to work. We hold, therefore, that a disciplinary suspension is a suspension imposed for a defined period for the purpose of penalizing an employee for a specific act, after which period the employee is scheduled to return to work.

Here, although the school district argues defendant's removal was a disciplinary suspension pursuant to its work rules, we conclude her removal was not a "disciplinary suspension" as contemplated by the statute. The school district did not suspend claimant for a specific period of time as punishment for a specific charge of wrongdoing, after which time it would return claimant to work. Instead, claimant's removal from work or "suspension" was

open-ended in duration, was used by the school district to determine the penalty, *i.e.* termination, it actually intended to impose, and carried with it no guarantee claimant would be returned to work. Indeed, her disciplinary suspension was imposed with the intent that she never return to work. The school district penalty for claimant's alleged theft was termination, not a disciplinary suspension as contemplated by the statute. Therefore, the Panel did not err in granting benefits pursuant to § 8–73–107(1)(i), C.R.S. (1986 Repl.Vol. 3B).

## II.

The school district further contends that the Panel's findings of fact and conclusions of law are not supported by the evidence. Again, we disagree.

██ Here, although claimant performed no services and received no wages during the period of her suspension, the school district continued her employee benefits such as health insurance, and her sick and vacation leave continued to accrue. Further, claimant was able to perform and was available for other suitable work. Consequently, we conclude there was substantial evidence to support the finding that claimant was "partially unemployed" pursuant to § 8–70–103(18), C.R.S. (1986 Repl.Vol. 3B). *Denver Post, Inc. v. Department of Labor & Employment,* 199 Colo. 466, 610 P.2d 1075 (1980); *Frontier Airlines, Inc. v. Industrial Commission,* 734 P.2d 142 (Colo.App.1986); *Bartholomay v. Industrial Commission,* 642 P.2d 50 (Colo.App. 1982).

Further, we conclude there was substantial, albeit conflicting, evidence to support the findings that claimant had not committed any theft, and that claimant was not at fault for her separation. We therefore will not disturb these findings or the conclusion that claimant was entitled to a full award of benefits pursuant to § 8–73–108(4), C.R. S. (1986 Repl.Vol. 3B). *See Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App.1984); *Santa Fe Energy Co. v. Baca, supra; In re Claim of Krantz v.*

*Kelran Constructors, Inc.,* 669 P.2d 1049 (Colo.App.1983).

Order affirmed.

SMITH and KELLY, JJ., concur.