**Eudesimo ARTEAGA, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Denver Lamb Company, Respondents.**

No. 87CA1953.

Colorado Court of Appeals,
Div. I.

Jan. 5, 1989.

Rehearing Denied Feb. 2, 1989.

Certiorari Denied May 22, 1989.

---

**23.** See footnote 12.

Colorado Rural Legal Services, Inc., Brian Patrick Lawlor, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

No appearance for respondent Denver Lamb Co.

Opinion by Judge PIERCE.

Eudesimo Arteaga, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment compensation benefits. We affirm.

Claimant, a citizen of Mexico, entered the United States illegally in March 1981. He remained in the United States without proper authorization until June 23, 1982, when the petition for him to obtain a visa was approved. On April 16, 1983, he became a legal permanent resident.

On June 23, 1983, claimant separated from his employment with Denver Lamb Company, Inc. (employer), where he had worked during several intervals after mid–1981. On June 23, 1983, claimant also applied for unemployment compensation benefits.

The first issue which arose after claimant filed for benefits was claimant's monetary eligibility, as an alien, for benefits. Monetary eligibility requires, among other prerequisites, that a claimant have received sufficient wage credit for services performed during a base period. *See* § 8–73–102, § 8–73–107(1)(e), and § 8–73–104, C.R.S. (1986 Repl.Vol. 3B).

On April 6, 1987, the Colorado Supreme Court, in *Industrial Commission v. Arteaga,* 735 P.2d 473 (Colo.1987), affirmed this court in concluding that claimant was an eligible alien and, therefore, entitled to wage credit from the date he applied for permanent legal residence and obtained work authorization. The effect of that decision was that any services claimant performed after that date were usable for determining claimant's wage credits and monetary eligibility. Consequently, claimant would be entitled to benefits based on those services if claimant were otherwise eligible.

While the issue of claimant's monetary eligibility for benefits was being litigated, employer contested any award of benefits to claimant on the ground that claimant was responsible for his separation because he had walked off the job.

After the supreme court determined that claimant was monetarily eligible for benefits in *Industrial Commission v. Arteaga, supra,* the Division set claimant's appeal of his disqualification for hearing on May 18, 1987. On December 10, 1987, the Panel made its non-monetary determination and ruled that claimant was disqualified from the receipt of benefits pursuant to the statutory provision now codified as § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B).

I.

■ On review, claimant first contends that the supreme court's determination of claimant's monetary eligibility was a complete disposition of claimant's claim, thereby entitling him to benefits. Among other

objections, he argues that both the doctrine of res judicata and the unemployment compensation statutory scheme barred the separate subsequent resolution of claimant's entitlement to benefits. We disagree.

While the supreme court's decision concerning claimant's monetary eligibility for benefits was a final disposition of that issue, it was not a final disposition of claimant's entitlement to benefits or of claimant's claim. Under the statutory scheme of the Colorado Employment Security Act (CESA), monetary and non-monetary issues are distinct, but equal elements of a claim for unemployment compensation benefits. The criteria for determining the elements are different and the procedures for resolving and appealing the determinations of the issues are distinct. If there are no other grounds for contesting the claim, *e.g.*, employer coverage, then both issues must be determined before there is a complete disposition of the claim.

A monetary determination encompasses many different aspects of claimant's initial eligibility for benefits, such as whether claimant is able to work, available for work, and actively seeking work, and whether claimant has sufficient qualifying wage credits to support an award of benefits. The basic criteria for determining monetary eligibility are found in § 8–73–107, C.R.S. (1986 Repl.Vol. 3B). Fulfillment of these criteria is a prerequisite to receiving unemployment compensation benefits. *See Everitt Lumber Co. v. Industrial Commission*, 39 Colo.App. 336, 565 P.2d 967 (1977); *see also City & County of Denver v. Industrial Commission*, 707 P.2d 1008 (Colo.App.1985). If these criteria are not met, claimant may not receive any benefits even if he does obtain a favorable non-monetary determination.

A non-monetary determination decides the amount of benefits to which a claimant is entitled based on the factual circumstances surrounding the claimant's separation from employment. The criteria for determining non-monetary issues are set forth in § 8–73–108, C.R.S. (1986 Repl.Vol. 3B).

This distinction that monetary issues deal with eligibility and non-monetary issues deal with entitlement to benefits must be kept in mind in the analysis of the legal problems presented here. The statute and applicable regulations contemplate different procedures and time frames for administrative review of the decisions of the two types of determination. For instance, initial monetary determinations concerning arithmetical computations are not subject to immediate appeal. Instead, interested parties must first request reconsideration of such determinations by the division. *See* § 8–74–102(2), C.R.S. (1986 Repl.Vol. 3B); Regulation 11.1.6, 7 Code Colo.Reg. 1101–2.

On the other hand, all non-monetary decisions are appealable immediately. *See* § 8–74–103, C.R.S. (1986 Repl.Vol. 3B). As a consequence of these different appeal tracks, the appeal of monetary and non-monetary determinations may proceed at a different pace.

A finding that a claimant is not monetarily eligible to receive benefits is a final disposition of a claim because it completely determines the rights of the parties without further action by the administrative tribunal. *See Agren, Blando & Associates, Inc. v. Oleston*, 746 P.2d 68 (Colo. App.1987). Consequently, if a claimant is not monetarily eligible, any non-monetary determination has no legal force or effect.

In this case, the initial determination that claimant was not monetarily eligible for the receipt of any benefits, and that claimant's claim was therefore disallowed, was a final order which fully adjudicated claimant's monetarily eligibility, and also claimant's claim for benefits. *See Agren, Blando & Associates, Inc. v. Oleston, supra.* Pursuant to the statutory and regulatory scheme, claimant was required to appeal this determination or it would become binding on him and other interested parties. *See* §§ 8–74–102(2) and 8–74–108, C.R.S. (1986 Repl.Vol. 3B); Regulations 11.1.2 and 11.1.11, 7 Code Colo.Reg. 1101–2.

Until the supreme court made a final determination that claimant was monetarily *eligible,* any non-monetary decision within

the agency that claimant was not *entitled* to *full* benefits had no legal effect. As soon as the relevance and applicability of the disqualification determination became apparent, *i.e.*, after the supreme court eligibility decision, the Division set the appeal of claimant's disqualification for hearing. Consequently, we find no basis for claimant's argument, based on *Marlin Oil Co. v. Industrial Commission*, 641 P.2d 312 (Colo.App.1982), that a decision on the merits of claimant's *eligibility* foreclosed, procedurally or substantively, a determination on the merits of his *entitlement.*

We also find no merit to claimant's argument that, once claimant's eligibility was decided, a determination that claimant was not entitled to benefits was barred by the doctrine of res judicata. Res judicata is only applicable when a determination of a cause of action in one legal proceeding is being used to foreclose a different determination of the same cause of action in a second subsequent different legal proceeding. *See Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973); *see also Westminster v. Church*, 167 Colo. 1, 445 P.2d 52 (1968). We are concerned here with only one legal proceeding in which all elements of claimant's claim are being determined. Consequently, the doctrine of res judicata is inapplicable.

## II.

Further, the Division neither waived nor abandoned its right to pursue the entitlement issue because it did not move to consolidate the administrative reviews of the eligibility and entitlement issues or "notify" the panel of the pendency of the non-monetary determination while the panel was reviewing the monetary determination. We agree with employer that nothing in the statutory or regulatory scheme requires, allows, or even supports this proposed course of action, particularly given the different pace at which review of these determinations may proceed.

## III.

We disagree with claimant's procedural argument, based on *Landers v. Industrial Commission*, 721 P.2d 1227 (Colo.App. 1986), that the Division circumvented statutory and regulatory procedures in making the entitlement determination. We also disagree with claimant's conclusion that the Division failed "promptly" to determine the entitlement issue, as required by state and federal authority, and thereby was barred from denying claimant's entitlement to benefits. *See Davis v. Stiles*, 287 Ark. 261, 698 S.W.2d 287 (1985); *Brousseau v. Maine Employment Security Commission*, 470 A.2d 327 (Me.1984); 20 C.F.R. §§ 640.3 and 650.1; 42 U.S.C. § 503(a). The Division here promptly initiated the administrative process so that the initial determinations of eligibility and entitlement were made. And, once the supreme court resolved the issue of claimant's monetary eligibility, a prerequisite to a claimant being entitled to any benefits, the Division promptly moved forward on the administrative processing of the entitlement issue. We find no error in the procedures employed by the Division.

## IV.

Claimant also contends that the evidence in the record does not support the findings and conclusion that claimant should be disqualified from the receipt of benefits pursuant to the statutory provision now codified as § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B). We disagree.

Since there is substantial evidence to support the findings and conclusions of the Panel, we are bound by them. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo.App.1983). Consequently, we will not disturb the Panel's order on review.

Order affirmed.

HUME and MARQUEZ, JJ., concur.