The CITY AND COUNTY OF
DENVER, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, DIVISION OF EMPLOYMENT AND TRAINING, and Jack D. Helm, Respondents.

No. 91CA1238.

Colorado Court of Appeals,
Div. I.

June 4, 1992.

Daniel E. Muse, City Atty., John R. Palermo, Asst. City Atty., Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Employment and Training.

Breit, Best, Richman & Bosch, P.C., Warren B. Bosch, Sally Wilson Van Der Wey, Denver, for respondent Jack D. Helm.

Opinion by Judge PIERCE.

The City and County of Denver, employer, seeks review of a final order of the Industrial Claim Appeals Panel which awarded unemployment compensation benefits to Jack D. Helm, claimant. We set aside the Panel's order and remand for further proceedings.

The record discloses the following facts. Claimant was employed by the City as a police officer. In January 1990, claimant was charged with alleged criminal felony violations. Denver City Charter § C5.73–4 provided that indictment of a member of the classified service, or the filing of any information by a district attorney against a member, was cause for suspension, without pay, indefinitely of any member of the classified service upon order of the chief of his department. Such a suspension would be terminated by restoration to service or by discharge as soon as the decision of the court became final. Pursuant to this provision, claimant was suspended indefinitely without pay. Claimant applied for unemployment benefits.

After hearing, the hearing officer found that claimant was not disqualified from the receipt of benefits. Relying on *Pueblo School District No. 60 v. Martinez*, 749 P.2d 1005 (Colo.App.1987), the hearing officer initially found that the suspension imposed on claimant did not qualify as a disciplinary suspension under the section then codified at § 8–73–107(1)(i), C.R.S. (1986 Repl.Vol. 3B). The hearing officer found that claimant had been relieved of his duties because he had been charged with a non-work related felony, but found that no evidence had been presented concerning the merits of that issue. He further found that claimant had not been charged with any violation of a company rule by the employer.

The hearing officer concluded that claimant was separated from work under conditions which did not qualify as a disciplinary suspension and that claimant was, in effect, discharged when he was placed on indefinite suspension without pay. The hearing officer then concluded that claimant was not volitionally at fault for his separation since he must be presumed innocent until proven guilty in a court of law. Concluding that claimant's factual situation did not fall under any category providing for a disqualification of benefits, the hearing officer found claimant not at fault for his separation and awarded him benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B).

The Panel affirmed. The Panel concluded that the hearing officer's findings were supported by the weight of the evidence.

The Panel also concluded, citing *Pueblo School District No. 60 v. Martinez, supra,* that the hearing officer's findings supported his determinations that there was an involuntary separation from employment. The Panel also concluded that employer failed to establish that claimant was at fault for his separation, relying on *Lucero v. Industrial Claim Appeals Office,* 812 P.2d 1191 (Colo.App.1991). Because both the hearing officer and the Panel applied the wrong legal standard in awarding claimant benefits, we set aside the orders of the Panel and the hearing officer.

In *Pueblo School District No. 60 v. Martinez, supra,* this court discussed the applicability of § 8–73–107(1)(i) as though it were an entitlement provision which set forth criteria to determine whether a claimant was entitled to benefits. Since the determination of that case, we have delineated the distinction between monetary or eligibility provisions and non-monetary or entitlement provisions. We determined that the provisions of § 8–73–107 are not entitlement provisions, but eligibility provisions. *See Arteaga v. Industrial Claim Appeals Office,* 781 P.2d 98 (Colo.App.1989). Entitlement, or non-monetary provisions, and eligibility, or monetary provisions, are distinct and separate issues in the determination of whether a claimant may receive unemployment compensation benefits. Entitlement and eligibility are normally determined in separate proceedings and the issues concerning one may not be intermingled with issues concerning the other. Consequently, to the extent that we discussed the applicability of § 8–73–107(1)(i) in *Pueblo School District No. 60 v. Martinez, supra,* as though it were an entitlement provision, that case is no longer persuasive. Since § 8–73–107(1)(i) is an eligibility provision, its applicability must be determined in eligibility proceedings, which may not be intermingled with entitlement issues.

Here, both the hearing officer and the Panel discussed the applicability of § 8–73–107(1)(i) as though it were an entitlement provision and relied on the holding of *Pueblo School District No. 60 v. Martinez, supra,* for a major portion of their rulings. Moreover, the hearing officer's discussion intermingled concepts of § 8–73–107(1)(i), an eligibility provision, with concepts from § 8–73–108, the entitlement provisions. Because of this reliance on *Pueblo School District No. 60 v. Martinez, supra,* portions of both the hearing officer's and Panel's orders are legally in error and their orders relying on the applicability of § 8–73–107(1)(i) and *Pueblo School District No. 60 v. Martinez, supra,* must be set aside. Since it is impossible for us to determine exactly what the hearing officer or Panel would find or conclude based on the evidence, absent their reliance on *Pueblo School District No. 60 v. Martinez, supra,* we remand to the Panel for remand to the Division for further findings and an order concerning claimant's eligibility under § 8–73–107(1)(i) and then a determination of entitlement to benefits pursuant only to the provisions of § 8–73–108, C.R.S. (1986 Repl.Vol. 3B), if necessary.

Since the issue may arise on remand, we note that the hearing officer's determination that no evidence was presented at the hearing concerning the merits of the criminal charges against claimant is erroneous. To the contrary, evidence was presented through the testimony of a police lieutenant.

The orders of the Panel and the hearing officer are set aside. The cause is remanded to the Panel for remand to the Division for further proceedings consistent with this opinion.

REED, J., concurs.

TURSI, J., dissents.

Judge TURSI dissenting.

I respectfully dissent.

Based upon *Pueblo School District 60 v. Martinez,* 749 P.2d 1005 (Colo.App.1987), the Administrative Law Judge (ALJ) found that claimant was not "disqualified" from receiving benefits because of the "disciplinary" suspension. I agree.

The Charter of the City and County of Denver, C5.73–4, does provide for an *indefinite* suspension of a member of the classi-

fied service on the filing of a felony information against him by a district attorney. However, discharge is conditioned on conviction of the charge and, if the employee is not convicted of the felony, he is to be reinstated with full benefits. There is no evidence in the record that claimant had been convicted of the charges.

Because of the negative cast of eligibility as it relates to disciplinary suspension, there can be semantic disputation whether the word disqualified when used in context of eligibility, *see* § 8–74–107(1), C.R.S. (1986 Repl.Vol. 3B), is appropriate. However, it cannot be seriously disputed that based upon the record, the statute, and *Martinez, supra,* the ALJ found that claimant's eligibility did not fail because of a *disciplinary* suspension.

Therefore, the sole issue before us is whether the Industrial Claim Appeals Panel committed reversible error in upholding the ALJ's finding that the City failed to carry its burden of showing a disqualification under § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B).

The ALJ found that even though the information had been filed, it did not, in and of itself, constitute proof of the commission of a felony nor the violation of a company rule. Although there was evidence that claimant, in his role as president of the local chapter of the International Brotherhood of Police Officers, had authorized the violation of rules promulgated by the Secretary of State regulating "bingo" licensees by authorizing payment to workers, it was stipulated that claimant had not "pocketed" any proceeds from the bingo events.

Based on all of the evidence, the ALJ applied the mandatory presumption of innocence guaranteed in all prosecutions for crimes and concluded that "claimant's situation does not fall under any category of the statute [§ 8–73–108(5)(e)(VII) ] which would provide for a disqualification." The Panel agreed and so do I.

Therefore, I would affirm.