Guadalupe VELO, Petitioner,

v.

EMPLOYMENT SOLUTIONS PERSON-
NEL, The Industrial Claim Appeals Of-
fice of the State of Colorado and The
Colorado Division of Employment and
Training, Respondents.

No. 97CA0978.

Colorado Court of Appeals,
Div. I.

Jan. 29, 1998.

Joel R. Hayes, Jr., Greeley, Colorado, for Petitioner.

No Appearance for Respondent Employment Solutions Personnel.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Petitioner, Guadalupe Velo (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a hearing officer's decision disqualifying him from the receipt of unemployment compensation benefits pursuant to §§ 8–73–105.5(5) and 8–73–108(5)(e)(XXII), C.R.S.1997. We affirm in part and remand to the Panel for further proceedings and entry of a new order.

Section 8–73–105.5, C.R.S.1997, concerns employment with a "temporary help contracting firm" and imposes certain conditions under which an employee of such a firm may receive unemployment benefits. Such employment is characterized by a "series of limited-term assignments of an employee to a third party." Completion of an assignment, in itself, does not terminate the employment relationship. *See* § 8–73–105.5(2), C.R.S.

1997. Rather, the employee of the temporary help contracting firm must contact the firm for further assignments, in compliance with a written notice provided by the employer at the time of hire. *See* § 8–73–105.5(4), C.R.S.1997.

If the employee does not contact the employer upon completion of an assignment in compliance with such notice, the employee "shall be held to have voluntarily terminated employment for purposes of determining benefits pursuant to § 8–73–108(5)(e)(XXII), C.R.S.1997." *See* § 8–73–105.5(5).

If the employee does contact the firm upon completion of the assignment and does not continue working in another assignment, the employee "shall be considered separated under the provisions of § 8–73–108(4)(a), C.R.S. 1997, thereby entitling the employee to receive benefits." *See* § 8–73–105.5(6), C.R.S. 1997.

After a hearing, the hearing officer found that Employment Solutions Personnel (ESP) is a temporary help contracting firm and that claimant's employment with ESP was characterized by a series of limited term assignments. Further, the hearing officer found that claimant was provided written notice at the time he was hired that he was required to contact ESP daily for further assignments.

The hearing officer found that claimant's temporary assignment with ESP's client ended because there was insufficient work for him. The hearing officer further found that, despite claimant's knowledge pursuant to the written notice that he was required to contact ESP daily thereafter to indicate that he was available for further assignments, he failed to do so.

The hearing officer determined that claimant was separated from his employment with ESP immediately after the termination of his last temporary assignment because he failed to contact ESP thereafter to indicate whether he was available for further assignments. The hearing officer therefore concluded that the claimant was responsible for his separation and should be disqualified from the receipt of unemployment benefits based on his employment with ESP pursuant to §§ 8–73–105.5(5) and 8–73–108(5)(e)(XXII) (quit for

personal reasons which do not otherwise provide for an award of benefits).

The hearing officer further found that, after claimant's separation from ESP, ESP contacted claimant with several job offers, which claimant rejected. The hearing officer determined that the issue whether it was reasonable for claimant to have rejected these job offers after he separated from employment with ESP and filed a claim for unemployment compensation benefits might have an impact on claimant's eligibility for unemployment benefits pursuant to §§ 8–73–108(5)(a) and 8–73–108(5)(b), C.R.S.1997. Consequently, he remanded claimant's case to the division for fact-finding and a decision as to this issue only.

However, on review, the Panel affirmed claimant's disqualification pursuant to §§ 8–73–105.5(5) and 8–73–108(5)(e)(XXII). Thereafter, claimant sought this review.

## I.

Because the hearing officer's remand to determine the reasonableness of claimant's rejection of job offers raised a question as to whether the Panel's decision was a final, appealable order, we requested supplemental briefs from the parties on this issue. Having reviewed those briefs, we now conclude that we have jurisdiction to determine the propriety of the Panel's order concerning claimant's entitlement to benefits.

Under the unique statutory scheme of the Colorado Employment Security Act, entitlement, or non-monetary provisions of the Act, and eligibility, or monetary provisions, are distinct and separate matters that relate to whether a claimant may receive unemployment compensation benefits. Entitlement and eligibility normally are determined in separate proceedings and the issues concerning one may not be intermingled with issues concerning the other. *See Denver v. Industrial Claim Appeals Office,* 833 P.2d 881 (Colo.App.1992).

■ Further, a finding that a claimant is not monetarily eligible to receive benefits is a final disposition of a claim because it completely determines the rights of the parties without further action by the administrative tribunal. *Arteaga v. Industrial Claim Appeals Office,* 781 P.2d 98 (Colo.App.1989).

The same is true with respect to a finding that a claimant is not entitled to benefits.

■ Here, whether claimant should be disqualified from the receipt of unemployment benefits pursuant to §§ 8–73–105.5 and 8–73–108 was an entitlement issue. *See Arteaga v. Industrial Claim Appeals Office, supra.* In contrast, the question of the reasonableness of claimant's refusal of the job offers made by ESP after he separated from employment with ESP and filed his claim for unemployment benefits was an eligibility issue. *See Jones v. Industrial Commission,* 705 P.2d 530 (Colo.App.1985); *Romero v. Industrial Commission,* 616 P.2d 992 (Colo. App.1980). This eligibility issue is moot, however unless and until there is an administrative determination that claimant is entitled to benefits.

Consequently, there is before us a final order on the issue of the claimant's entitlement to benefits, and we have jurisdiction to address that issue on appeal. *Cf. Agren, Blando & Associates, Inc.,* 746 P.2d 68 (Colo. App.1987).

## II.

Claimant concedes that he did not contact ESP following the completion of his last assignment, but argues that ESP was aware that he was available for further assignments. Based on this reasoning, the claimant contends that the hearing officer erred in concluding he was not entitled to benefits based on his "technical" violation of ESP's policy. Alternatively, claimant contends he is entitled to benefits because he was not "at fault" for his separation. We disagree with the first contention and conclude that a remand is required to determine whether claimant was "at fault" for his separation.

## A.

■ The purpose of the notice requirement in § 8–73–105.5(4) is to ensure that the employer is made aware that a temporary worker is available for additional assignments, so the employer may offer further assignments and, thus, continue the worker's employment.

Here, the evidence was undisputed that, on the last day of his final assignment, claimant was notified by an ESP representative that his assignment was ending and that, subsequently, ESP offered claimant additional assignments which claimant did not accept.

On the other hand, there is no evidence that claimant informed ESP that he was available for further assignments. Further, the hearing officer found that claimant did not contact ESP in accordance with the written notice that he had received.

We agree with the Panel that, under these circumstances, there was no error in the determination that the disqualifying provisions of §§ 8–73–105.5(5) and 8–73–108(5)(e)(XXII) are applicable and, thus, affirm that portion of the hearing officer's order.

### B.

We agree with claimant that, even if a statutory disqualifying provision may be applicable, he still may be entitled to benefits on the basis that he was not "at fault" for his separation. Claimant argues that he is not "at fault" for his separation because, even though he technically violated the agreement provision requiring him to call ESP to advise it of his availability to work, ESP knew that his temporary assignment had ended and therefore was aware that he was available for further assignments. Thus, he reasons that, if the "totality of the circumstances" is considered, he was not "at fault" for his separation.

A general principle underlying the unemployment compensation statutory scheme is that if a claimant is unemployed through no "fault" of his or her own, he or she is entitled to benefits. *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App.1984).

As used in the unemployment statutory scheme, "fault" is a term of art. In regard to a claimant's entitlement to benefits, it generally is defined and applied as a factor separate and apart from the qualifying and disqualifying statutory subsections found at § 8–73–108(4) and 8–73–108(5), C.R.S.1997. *Collins v. Industrial Claim Appeals Office,* 813 P.2d 804 (Colo.App.1991).

Thus, even if the findings of a hearing officer support the application of one of the disqualifying sections of the statute, a claimant may still be entitled to benefits if the totality of the circumstances establishes that the claimant's separation occurred through "no fault" of his or her own. *Keil v. Industrial Claim Appeals Office,* 847 P.2d 235 (Colo.App.1993).

"Fault" is not necessarily related to culpability, but only requires a volitional act or the exercise of some control or choice in the circumstances leading to the separation from employment such that the claimant can be said to be responsible for the separation. *See Richards v. Winter Park Recreational Ass'n,* 919 P.2d 933 (Colo.App.1996).

Further, "fault" is an ultimate legal conclusion which is to be based on the established findings of evidentiary fact. *See Board of Water Commissioners v. Industrial Claim Appeals Office,* 881 P.2d 476 (Colo. App.1994).

Here, we agree with the claimant that he is entitled to a determination whether he was "at fault" for his separation notwithstanding the applicability of the disqualifying provisions of § 8–73–105.5. To determine otherwise would abrogate the overriding legislative policy that unemployment benefits are to be awarded only to those claimants who are unemployed through "no fault" of their own. *See* § 8–73–108(1)(a), C.R.S.1997.

Further, we discern no legislative intent to treat unemployment compensation claimants who work for temporary help agencies differently from other unemployment compensation claimants with regard to the issue of fault. *See Samaritan Institute v. Prince–Walker,* 883 P.2d 3 (Colo.1994) (in interpreting a statute, court must determine legislative intent); *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976) (statutory scheme must be read and construed in context to give consistent, harmonious, and sensible effect to all its parts).

However, although claimant raised the issue whether he was at "fault" for his separation before the Panel, the Panel did not address his argument. Therefore, the matter must be remanded to the Panel for it to consider this issue and, based on its resolu-

tion of the "fault" issue, to enter a new order on whether claimant is entitled to benefits.

We decline to address the claimant's arguments that the employer's contract did not meet the criteria of § 8–73–105.5(4). These arguments were not raised and preserved for our review in the administrative proceedings. *See QFD Accessories, Inc. v. Industrial Claim Appeals Office,* 873 P.2d 32 (Colo.App.1993).

The Panel's order is affirmed insofar at it determined that the disqualifying provisions of §§ 8–73–105.5 and 8–73–108(5)(e)(XXII) are applicable to claimant, and the cause is remanded to the Panel for further proceedings consistent with the views expressed herein.

Judge METZGER and Judge PLANK concur.