21CA0973 Bellemare v ICAO 12-09-2021 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0973 Industrial Claim Appeals Office of the State of Colorado DD No. 25655-2021 Kristen Marie Bellemare, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado and Keystone Achievements, Respondents. APPEAL DISMISSED Division I Opinion by JUDGE KUHN Dailey and Dunn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced December 9, 2021 Kristen Marie Bellemare, Pro Se No Appearance for Respondents 
1 ¶ 1 In this unemployment benefits case, claimant, Kristen Marie Bellemare, seeks review of an order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer’s decision disqualifying Bellemare from receiving benefits based on her job separation from Keystone Achievements. However, the Panel also remanded Bellemare’s claim for other considerations. Because the Panel’s order is not a final, appealable order, we dismiss the appeal. I. Background ¶ 2 Bellemare applied for unemployment benefits after she resigned from her employment with Keystone to move to Virginia to be closer to family because she was pregnant. A deputy for the Division of Unemployment Insurance (Division) issued a decision determining that Bellemare did not qualify for state unemployment benefits because she had separated from her employment with Keystone for reasons that resulted in a disqualification under section 8-73-108(5)(e)(IV), C.R.S. 2021 — that is, she had quit the employment to move to another area. ¶ 3 Bellemare appealed the deputy’s decision. She admitted that she left Keystone to move to Virginia. But Bellemare stated that the start date for the job she had set up in Virginia had been delayed by 
2 two weeks due to the COVID-19 pandemic and, once she started working, it was only part time, instead of the full-time job she had been promised. ¶ 4 After a hearing, the hearing officer affirmed the deputy’s decision, concluding that Bellemare did not qualify for state unemployment benefits under section 8-73-108(5)(e)(IV) because Bellemare left her employment with Keystone to move as a matter of personal preference. In support of that conclusion, the hearing officer found that Bellemare resigned because she and her fiancé wanted to relocate to Virginia to be closer to their families who resided in Boston. ¶ 5 Bellemare appealed the hearing officer’s decision to the Panel. She argued that, if she had been told that she did not qualify for state unemployment benefits when she first applied, she would have applied for Pandemic Unemployment Assistance (federal unemployment benefits) because (1) her Virginia job was put on hold due to the pandemic; (2) she was told to apply for unemployment benefits in Colorado since she had not yet worked in Virginia or established residency there; and (3) even after she began working, it was on a part-time, hourly basis, instead of the full-time 
3 salaried position she had been promised. Bellemare contended that it was the system’s fault because it was a year before she was told she did not qualify for state unemployment benefits. ¶ 6 On review, the Panel affirmed the hearing officer’s decision that Bellemare was not eligible for state unemployment benefits because she had left her employment with Keystone as a matter of personal preference to move out of the state. But the Panel remanded the case for the Division to determine two issues: 1. whether the overpaid amount should be waived because it would be inequitable to require Bellemare to repay it; and 2. whether Bellemare was eligible for federal unemployment benefits and, if so, whether those benefits could be backdated to the date she became unemployed. II. Finality ¶ 7 Because the Panel’s order included a remand, we must determine whether the order is final and appealable. ¶ 8 We may only review a Panel’s order if it is a “final decision.” § 8-74-107(2), C.R.S. 2021; see also § 13-4-102(2)(a), C.R.S. 2021 (conferring jurisdiction on the court of appeals to review the Panel’s 
4 awards or actions as provided in article 74 of title 8). An order is final if it “completely determines the rights of the parties without further action by the tribunal.” Agren, Blando & Assocs., Inc. v. Oleston, 746 P.2d 68, 69 (Colo. App. 1987). ¶ 9 The Panel’s order did not completely determine Bellemare’s rights without further action by the Division. After affirming the hearing officer’s decision that Bellemare was not entitled to state unemployment benefits, the order included a remand for the Division to determine whether Bellemare was entitled to (1) a waiver for the overpaid amount; and (2) federal unemployment benefits. For that reason, we conclude that the order is not final and appealable. ¶ 10 The Panel’s label of “Final Order” does not alter our conclusion. We may disregard the Panel’s designation of finality when it incorrectly characterizes the order. In this case, the Panel’s order did not put an end to the controversy because it required further action by the Division to determine Bellemare’s rights. See id. (disregarding the Panel’s caption of “Final Order” because the order — that concluded the claimant had good cause for her late appeal of the hearing officer’s adverse decision — did not “put an 
5 end to the controversy” but “pave[d] the way for further action by the Panel to determine the merits of [the] claimant’s appeal”). ¶ 11 We recognize that a portion of the order may be considered final because the Panel affirmed the hearing officer’s decision that Bellemare was not entitled to state unemployment benefits — a separate issue from whether she was entitled to a waiver or federal unemployment benefits. See Velo v. Emp. Sols. Pers., 988 P.2d 1139, 1141 (Colo. App. 1998) (concluding that the Panel’s order was final because it affirmed the hearing officer’s decision that the claimant was disqualified from receiving unemployment benefits based on the circumstances of his job separation, even though the hearing officer had remanded the claim for the Division to determine the claimant’s eligibility for unemployment benefits based on his rejection of certain job offers). ¶ 12 Yet, Bellemare does not dispute that portion of the Panel’s order. In the opening brief, Bellemare admits that she left her employment with Keystone to move to another state, and she does not challenge the hearing officer’s decision that, based on the reason she left the employment, she was disqualified from receiving state unemployment benefits. 
6 ¶ 13 Instead, it appears that Bellemare misread the Panel’s order because she requests the same relief that the Panel already granted to her. In the notice of appeal, Bellemare asks for us to remand her claim to the Division for them to determine her entitlement to (1) a waiver of the overpaid amounts; and (2) federal unemployment benefits. Then, in the opening brief, she reiterates her arguments that (1) she would have applied for federal unemployment benefits if the Division had not waited a year to notify her that she did not qualify for state unemployment benefits; (2) it was the system’s fault; and (3) she should not be found at fault. ¶ 14 Under these circumstances, we conclude the Panel’s order was not final and appealable. Thus, we lack jurisdiction to consider it. III. Conclusion ¶ 15 The appeal is dismissed. JUDGE DAILEY and JUDGE DUNN concur.