24CA1978 Myers v ICAO 03-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1978
Industrial Claim Appeals Office of the State of Colorado
DD No. 27989-2024

---

Andrew Myers,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE LUM
Fox and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

---

Andrew Myers, Pro Se

No Appearance for Respondent

¶ 1    In this unemployment benefits case, Andrew Myers seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying his request for a new hearing regarding his eligibility for benefits.  We affirm the Panel's order.

## I.    Background

¶ 2    Myers worked for Walmart, Inc. as a General Manager for ten years before separating from his employment in June 2024.  Upon that separation, he filed a claim for benefits with the Division of Unemployment Insurance (Division), and a Division deputy granted his claim.

¶ 3    Walmart appealed the deputy's decision, and a hearing officer for the Division scheduled an evidentiary hearing for October 23, 2024.  Myers failed to appear at the hearing, and the hearing officer entered an order reversing the deputy's decision.

¶ 4    Myers then filed a request for a new hearing, explaining that the hearing notice was originally delivered to his neighbor.  The neighbor gave Myers the notice a few days before the October hearing.  But by that time, Myers argued, his wife's work schedule and his unspecified commitments to his children prevented him from attending the hearing.  The Panel determined that Myers had

1

failed to demonstrate good cause for missing the October hearing and denied his request for a new hearing.

## II.   Standard of Review

¶ 5   We may not disturb factual findings supported by "substantial evidence" or "reasonable inferences" drawn therefrom and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support its decision; or (4) the decision is erroneous as a matter of law.  § 8-74-107(6), C.R.S. 2024; *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10.  Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences."  *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

## III.   Analysis

¶ 6   Because Myers represents himself, we construe his arguments liberally, giving effect to their substance rather than form.  *See People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010).  With this in mind, we discern that Myers argues the Panel erred by concluding

2

that he failed to demonstrate good cause for his failure to appear in October.  Myers reiterates that he missed the hearing because he received the notice only a few days in advance, at which point he had a conflicting obligation.  Additionally, Myers argues that he did not realize he could request that the hearing be postponed.

¶ 7     The Panel may only grant a new hearing when the requesting party demonstrates good cause for failing to appear at the original hearing.  Dep't of Lab. & Emp. Reg. 11.2.13.2, 7 Code Colo. Regs. 1101-2.  In determining whether a claimant has shown good cause, the Panel has discretion to weigh various factors, including, but not limited to, (1) whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances; (2) whether there was administrative error by the division; (3) whether the party exercised control over the untimely action; (4) the length of time the action was untimely; (5) whether any other interested party has been prejudiced by the failure to act or untimely action; and (6) whether denying good cause would lead to a result that is inconsistent with the law.  Dep't of Lab. & Emp. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2.  The Panel

need not make findings as to every foregoing factor. Dep't of Lab. & Emp. Reg. 12.1.8.8, 7 Code Colo. Regs. 1101-2.

¶ 8     As relevant here, the Panel concluded that Myers exercised control over the circumstances leading him to miss the hearing, and that he failed to behave as a reasonably prudent person would under those circumstances. Substantial evidence supports the Panel's factual findings and reasonable inferences.

¶ 9     First, it is undisputed that Myers received the notice multiple days before the scheduled hearing. Second, the notice expressly invited Myers — in bold text — to call the Division before the hearing date with any questions, and it advised him that simply failing to appear, without further communication, could forfeit his right to defend the appeal:

> ***If you have questions before or after the hearing, please call 303-318-9299 or 1-800-405-2338 . . . .*** **You must CHECK IN for your hearing AS SOON AS POSSIBLE, and NO LATER than 2 PM the day before your hearing. . . . Failure to check in will impact your appeal! . . .** If you fail to check in and you are the non-appealing party, the hearing may **proceed without you** and the information you submitted may not be considered.

From this express warning, and the fact that Myers received the notice in time to call the Division and explain his dilemma, the

Panel found that a reasonable person in Myers's position would have "taken action regarding his unemployment case," such as "call[ing] the Hearings/Appeals office."

¶ 10    Myers argues that reading the hearing notice and accompanying materials triggered a panic attack, inhibiting his ability to process the information therein.  However, because Myers failed to raise this argument in the administrative proceedings below, we do not consider it on appeal.  *See Velo v. Emp. Sols. Pers.*, 988 P.2d 1139, 1143 (Colo. App. 1998) (declining to consider arguments raised for the first time on appeal).  We discern no other evidence in the record indicating that circumstances beyond Myers's control precluded him from calling the Division, and we will not disturb the Panel's findings and reasonable inferences.  *See Yotes*, ¶ 10.

¶ 11    As part of its findings, the Panel noted that Myers could have asked the Division to postpone the hearing.  *See* Dep't of Lab. & Emp. Reg. 11.2.12, 7 Code Colo. Regs. 1101-2.  On appeal, Myers argues he did not know he could request a postponement.  But this argument does not change our conclusion.  Whether Myers knew he could request a postponement of the hearing, he still failed to act

reasonably when he received the notice, determined he could not attend the hearing, and failed to contact the Division before the hearing. In short, as the Panel found, "a reasonably prudent claimant who had a scheduling conflict" would have taken action "to preserve his rights."

¶ 12    Finally, though Myers raises multiple arguments regarding the merits of his underlying claim for unemployment insurance benefits, we do not address them. At this stage in the proceedings, the merits of his claim are not properly before us because the Panel never reached those issues. *See* § 8-74-107 (granting appellate court jurisdiction to review only the Panel's decision); *People in Interest of M.B.*, 2020 COA 13, ¶ 14 (an appellate court generally reviews only matters ruled on in the order being appealed).

## IV.    Disposition

¶ 13    We affirm the Panel's order.

JUDGE FOX and JUDGE GOMEZ concur.